USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1386 UNITED STATES, Appellee, v. JACK BIYAGA, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Robert E. Keeton, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Boudin, Circuit Judge, _____________ and Pollak,* Senior District Judge. _____________________ ____________________ James S. Dilday, by Appointment of the Court, with whom Grayer & _______________ ________ Dilday was on brief for appellant. ______ Timothy Q. Feeley, Assistant United States Attorney, with whom A. _________________ __ John Pappalardo, United States Attorney, was on brief for appellee. _______________ ____________________ November 17, 1993 ____________________ ____________________ *Of the Eastern District of Pennsylvania, sitting by designation. POLLAK, District Judge. Jack Biyaga pled guilty in the _______________________ United States District Court for the District of Massachusetts to one count of bank robbery brought under 18 U.S.C. 2113(a). On February 24, 1993, he was sentenced to 41 months of incarceration to be followed by a conditional period of supervised release. Before sentencing, a probation officer interviewed Biyaga to prepare a presentence report. Biyaga told the officer that (1) his name was Jacques Bonato Biyaga, (2) he was born in St. Thomas, U.S. Virgin Islands, and (3) he was an American citizen. He had previously averred the same facts to the magistrate judge during his bail hearing. Unable to verify Biyaga's information, the probation officer confronted defendant in the presence of counsel. Biyaga then admitted that (1) his real name was Jacques Bonaventure Biyaga, (2) he was born in Mbanga, Cameroun, and (3) he was an illegal alien. Because of Biyaga's false statements, the presentence report enhanced his offense level by two points for obstruction of justice pursuant to U.S.S.G. 3C1.1.1 ____________________ 1U.S.S.G. 3C1.1 (1992) directs the sentencing judge to increase the Guidelines offense level by two "[i]f the defendant willfully impeded or obstructed, or attempted to impede or obstruct, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." -2- 2 At his sentencing hearing, Biyaga objected to the two-point enhancement. The district court acknowledged that Biyaga's falsity was not relevant to the elements of the bank robbery offense with which Biyaga was charged, but held that the enhancement was warranted "because the misrepresentation that the defendant is an American citizen born in the Virgin Islands is material to the sentencing decision in this case." On appeal Biyaga argues that the district court erred in imposing the two-point increase because Biyaga's misrepresentation did not relate to the count on which he was charged, and therefore was not material under U.S.S.G. 3C1.1. On review, we conclude that the judgment of the district court should be affirmed. Discussion __________ As a threshold matter, we find that under U.S.S.G 3C1.1 false information need not relate to the underlying charge to be material. As amended in 1992, 3C1.1 states that a judge shall increase the offense level by two "if the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant _____________ offense." (Emphasis added.) The guideline thus clearly -3- 3 allows sentencing judges to enhance penalties for material falsehoods relevant to sentencing. We further find that sentencing judges have broad discretion in deciding whether a falsehood is material. Materiality is a determination by the sentencing judge that we review only for clear error. United States v. Pineda, _______________________ 981 F.2d 569, 572 (1st Cir. 1992) (clear error standard applies whether district court's finding based on factual determination or application of sentencing guidelines). In this case the question of materiality is framed by application note 3 of U.S.S.G. 3C1.1, which provides a non- exhaustive list of examples of the types of conduct to which the obstruction of justice enhancement applies. Example 3(h) is "providing materially false information to a probation officer in respect to a presentence or other investigation for the court". We have held that "the test of materiality for purposes of Application Note 3(h) is not a stringent one." United States v. St. Cyr, 977 F.2d 698, ________________________ 705 (1st Cir. 1992). Appellant therefore bears a heavy burden in trying to show that the district judge erred in applying 3C1.1. Biyaga tries to meet this burden by citing two cases in which courts of appeal have found -4- 4 misrepresentations not to be material under the guidelines: United States v. Tabares, 951 F.2d 405, 411 (1st Cir. 1991) ________________________ (fake social security number not material), and United ______ States v. Belletiere, 971 F.2d 961, 968 (3rd Cir. 1992) ____________________ (lying about prior drug use not material). Yet each of those cases made clear that materiality is a case-by-case issue, and that identical falsehoods could be material elsewhere. Belletiere, 971 F.2d at 968 ("misstatement was __________ not material to the probation officer's investigation in __ this particular case) (emphasis added); Tabares, 951 F.2d at ____________________ _______ 411 ("however material [the false statement] might have been in some other case, it does not seem 'material' in this one"). Thus, the question to be addressed is whether, in the case at bar, the defendant's statements could have interfered with the district judge's proper carrying out of the sentencing function had the falsity of those statements not been discovered. The district judge explained that in this case the false statements were material because it was his practice when sentencing an illegal alien to suspend supervised release from the time the defendant is deported until, and if, he returns to the United States. The judge explained that when a defendant is deported there is (1) no way for -5- 5 the defendant to comply with his release requirements, and (2) no way for the supervisor to supervise. On appeal Biyaga contends that the court can have no reasonable concern about supervising someone not on American soil, so a falsehood affecting whether a period of supervised release is suspended cannot be considered material. Biyaga's argument falls short. The judge stated a connection between citizenship and the discretionary sentencing decision of whether to suspend supervised release. By definition, then, Biyaga's falsehood involved information material to sentencing. Biyaga is also incorrect that the district judge's sentencing practice is irrational. The judge's explanation indicates a reasonable concern that, in the event a defendant returns to the United States after deportation, he then be subject to the full period of supervised release. It was clearly within the district court's discretion to find appellant's misrepresentation as to citizenship to be material in this case.2 ____________________ 2We note that Biyaga's sentence is supportable elsewhere in the record. Biyaga lied about his citizenship not only to the probation officer, but also to the magistrate judge during his bail hearing. Application note 3(f) to U.S.S.G. 3C1.1 suggests the two-point enhancement for providing materially false information to a judge or magistrate. As citizenship is material to the issue of bail, Biyaga's -6- 6 For the foregoing reasons, the judgment of the district court is affirmed. ________ ____________________ misrepresentation to the magistrate judge fits the definition of obstruction of justice under section 3C1.1. Although the district judge never reached this issue in overruling Biyaga's objection to the enhancement, we may affirm on any grounds supported by the record. U.S. v. _______ Arias-Santana, 964 F.2d 1262, 1264 (1st Cir. 1992); U.S. v. _____________ _______ Mendoza-Acevedo, 950 F.2d 1, 3 (1st Cir. 1991). _______________ -7- 7