[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 6, 2004
THOMAS  K. KAHN
CLERK

_____

No. 03-12952

_____

D. C. Docket No. 96-06171-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JACOB OKOKO, a.k.a. Gbenga,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 6, 2004)**

Before TJOFLAT, BARKETT and SILER[*], Circuit Judges.

BARKETT, Circuit Judge:

    Jacob Okoko, a Nigerian citizen, appeals the denial of his motion to dismiss

_____

[*]Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting
by designation.

the charges of violating his probation. He argues that because his probationary term expired on July 11, 2000, the district court did not have jurisdiction to find that he violated his probation in 2002. We agree and reverse.

In 1997, Okoko was convicted under one count for conspiracy to commit access device fraud in violation of 18 U.S.C. § 1029(a)(1)-(3), (b)(2) and was sentenced to imprisonment for time served and three years' supervised release beginning on July 11, 1997 (the "1997 conviction").[1] In its Probation Order, the court provided that (1) if Okoko should be deported, the term of supervised release would be tolled and (2) if Okoko should re-enter the United States, the term of supervised release would resume. Four months thereafter, Okoko was deported to Nigeria.

Over four years later in March 2002, Okoko was arrested in the United States for possession of a fraudulent credit card. He was convicted and sentenced in September 2002 for illegal reentry after deportation; theft of U.S. mail in violation of 18 U.S.C. § 1701; and trafficking in and using one or more unauthorized access devices in violation of 18 U.S.C. §§ 1029(a)(2) & (b)(2). As a result of these convictions, the probation officer charged Okoko with violating the

---

[1]He was also required to pay $500 in restitution.

terms of his supervised release in 1997.[2]  Okoko moved to dismiss asserting that his supervised release expired three years from the date of sentencing in 1997, specifically, on July 11, 2000.  Thus, Okoko argued, the district court lacked jurisdiction.  The district court disagreed and denied the motion, revoking his supervised release in May 2003.  Because we find that the district court lacked the authority to toll Okoko's term of supervised release while he was out of the country and thus, lacked jurisdiction to revoke a probation period that had already expired, we reverse.

**DISCUSSION**

The sole issue in this appeal is whether a district court has authority to require that a supervised release period be tolled while a defendant is lawfully outside the United States.[3]

Section 3624(e) of the Sentencing Reform Act of 1984, which governs the procedure for supervised release, provides that:

> [a] prisoner whose sentence includes a term of supervised release after imprisonment shall be released by the Bureau of Prisons to the supervision of a probation officer who shall, during the term imposed, supervise the

---

[2]Okoko was charged with failing to refrain from violating the law; failing to satisfy court-ordered restitution; and failing to submit monthly reports during the period of his supervised release while in the United States.

[3]Okoko admitted to violating the terms of his supervised release; therefore, the primary question on appeal is one of subject matter jurisdiction, a question of law that we review de novo.  See United States v. Najjar, 283 F.3d 1306, 1307 (11th Cir. 2002).

person released to the degree warranted by the conditions specified by the sentencing court. The term of supervised release commences on the day the person is released from imprisonment . . . .

18 U.S.C. § 3624(e). Although Congress listed specific contexts in which the supervised release period may be tolled, it did not include the period of time when a probationer is out of the country. Nor did Congress address this circumstance under the provisions in the statute that permit the court to impose conditions upon a period of supervised release.

Tolling of supervised release is addressed under Section 3624(e), in the case where a probationer is serving another period of imprisonment:

> [a] term of supervised release does not run during any period in which the person is imprisoned in connection with a[nother] conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days. . . .

18 U.S.C. § 3624(e). Additionally, Congress specifically provided that a violation of a supervised release period prior to its expiration effectively tolls it:

> [t]he power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment . . . extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

18 U.S.C. § 3583(i). These two provisions delineate the only express circumstances wherein the supervised release period may be tolled.

Likewise, the requirement that a release period be tolled while a probationer is out of the country is not explicitly listed as a condition that a district court may impose on a probationer's supervised release. Appropriate conditions that the court may consider are listed in section 3583(d).[4] In the case of an alien defendant subject to deportation, the court may provide as a condition of supervised release that he or she "be deported and remain outside the United States, and may order that he be delivered to a duly authorized immigration official for such deportation." 18 U.S.C. § 3583(d).

Furthermore, although Section 3583(d)(1) also permits the district court to impose "any other condition it considers to be appropriate," such an additional condition must reasonably relate to the factors set forth in 18 U.S.C. § 3553(a)(1) and (a)(2)(B)-(D). The relevant factors to which conditions of supervised release must be related are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed– . . .

---

[4]18 U.S.C. § 3583(d) expressly allows for conditions requiring the defendant to do or refrain from doing something such as: prohibition of unlawful possession or use of a controlled substance; attendance of rehabilitation programs for domestic violence and drug abuse; registration of change of location; cooperation in collection of DNA samples; submission to drug testing; or a general prohibition against committing any federal, state, or local crime during the term of supervision.

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant;

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a). Additionally, a court may set a special condition if it (1) involves no greater deprivation of liberty than is reasonably necessary for the purposes of imposing the sentence, and (2) if it is consistent with any pertinent policy statements issued by the Sentencing Commission. 18 U.S.C. § 3583(d)(2)-(3).[5]

Accordingly, we find nothing in the language of the congressional scheme for supervised release that expressly permits the condition imposed by the district court here. To find that such a condition is authorized, we must find that the tolling of the release period during the time a defendant is out of the country

---

[5]Because United States Sentencing Guideline ("U.S.S.G.") § 5D1.3 mirrors the language used in this statute, we consider it together with 18 U.S.C. § 3583(d) in reviewing the district court's imposition of a special condition on a supervised release. United States v. Bull, 214 F.3d 1275, 1278 (11th Cir. 2000) (adopting the holding in United States v. Johnson, 998 F.2d 696, 698 (9th Cir. 1993) that "'we . . . treat 5D1.3 in pari materia [with 18 U.S.C. §§ 3553 and 3583]--as a list of factors to guide the district court's discretion'"). At the time of Okoko's sentencing in July 1997, U.S.S.G. § 5D1.3(b) read as follows:

The court may impose other conditions that (1) are reasonably related to the nature and circumstances of the offense, the history and characteristics of the defendant, and the purposes of sentencing and (2) involve only such deprivations of liberty or property as are reasonably necessary to effect the purposes of sentencing. 18 U.S.C. § 3563(b).

reasonably relates to the factors set forth in 18 U.S.C. § 3553(a)(1) and (a)(2)(B)-(D) in order to be considered as "any other condition" that the district court may impose. Because tolling in this context does not relate to any of these factors, we do not find that it qualifies as a condition that may be imposed. We agree with the Second, Fifth and Eighth Circuits, in holding that permission to impose "any other condition" during a supervised release under § 3583(d) does not include the tolling of the release upon deportation of an alien defendant. As reasoned by those Courts, the phrase "any other condition" must be read in the context of the statute as a whole and was not intended by Congress to provide "untrammeled discretion." See United States v. Juan-Manuel, 222 F.3d 480, 487 (8th Cir. 2000); United States v. Balogun, 146 F.3d 141, 146 (2d Cir. 1998); see also United States v. Quaye, 57 F.3d 447, 449 (5th Cir. 1995); United States v. Brown, 54 F.3d 234, 239 (5th Cir. 1995).[6]

First, we are persuaded by the reasoning in the Second and Eighth Circuits

---

[6]But see United States v. Isong, 111 F.3d 428 (6th Cir.1997) (holding that the tolling of a supervised release during deportation may qualify as a special condition on the release under 18 U.S.C. § 3583(d) and U.S.S.G. § 5D1.3). The government also cites United States v. Biyaga, 9 F.3d 204 (1st Cir.1993), as supporting the district court's decision to deny Okoko's motion to dismiss. The Biyaga court did comment that the sentencing practice of the district court in that case of suspending the supervised release of an illegal alien from the time the defendant is deported until, and if, he returns to the United States, indicates a "reasonable concern." However, this statement is not the central holding of the case. Rather, the court held that the defendant's false statements to the sentencing judge purporting that he was an American citizen rather than an illegal alien, were material and obstructed justice.

7

that the imposition of a condition under § 3583(d) references "requirements that the defendant do or refrain from doing specified acts." <u>Balogun</u>, 146 F.3d at 145.[7] Therefore, tolling, which relates to the timing of the supervised release rather than the conduct of the defendant, should not be viewed as a "condition" of the release because it relates to something beyond the control of the defendant and is substantively different from all of the other conditions expressly provided for under § 3583(d) and the Sentencing Guidelines. <u>Id.</u>[8]

Second, the specific authorization to surrender an alien defendant for deportation with the requirement that he or she remain outside of the United States as a condition of supervised release under § 3583(d) "logically precludes" the tolling of a release while the alien defendant is outside of the country. <u>Juan-Manuel</u>, 222 F.3d at 487. "[A] supervised release order cannot simultaneously be suspended and actively in effect." <u>Id.</u> In other words, "Congress could not have intended to allow a defendant to be excluded from the United States as a <u>condition</u> of supervised release while, at the same time, allow all conditions of supervised

---

[7]The single explicit condition that does not directly require or prohibit particular conduct by the defendant relates to deportation, where Congress has provided that "if an alien defendant is subject to deportation, the court may provide, as a condition of supervised release, that he be deported and remain outside the United States, and may order that he be delivered to a duly authorized immigration official for such deportation." 18 U.S.C. § 3583(d). However, even under this condition, "we view the principal thrust . . . as the constraint imposed on the conduct of the defendant, <u>i.e.</u>, that he stay out." <u>Balogun</u>, 146 F.3d at 145.

[8]The same observation applies to the standard and special conditions for supervised release as set forth in § 5D1.3 of the Sentencing Guidelines incorporating § 3583(d). <u>Id.</u> at 146.

8

release to be suspended for the duration of that exclusion." Id.

Third, as noted above, Congress has expressly provided for the tolling of a supervised release in two other sections of the Sentencing Reform Act,[9] suggesting that it did not intend for tolling during a period of deportation to be imposed by the court as a condition of supervised release under § 3583(d). Juan-Manuel, 222 F.3d at 488. In none of the specific contexts wherein Congress has granted the court authority to toll a supervised release such as during reincarceration for another crime or because of the probationer's violation of the terms of his or her release, is deportation or exclusion from the United States included. Thus, "we decline to infer that the difference in treatment of the continuity of the supervised-release term with respect to reincarceration and deportation/exclusion was simply an oversight . . . ." Balogun, 146 F.3d at 146.

Finally, supervised release is to commence immediately upon an alien defendant's release from imprisonment. Thus, its tolling during deportation as a condition of the release would circumvent the policy underlying that provision. See 18 U.S.C. § 3624(e) ("The term of supervised release commences on the day the person is released from imprisonment . . ."). Congress's intent under this rule was to support the "primary goal" of supervised release "to ease the defendant's

---

[9]See 18 U.S.C. §§ 3583(i), 3624(e).

9

transition into the community after the service of a long prison term for a particularly serious offense, or to provide rehabilitation to a defendant who has spent a fairly short period in prison . . . but still needs supervision and training programs after release." S. Rep. 98-225 at 124 (1984) reprinted in 1984 U.S.C.C.A.N. at 3307. We find that the goal of easing transition back into everyday life would be thwarted and supervised release would become superfluous if the release were tolled while an alien defendant was deported outside of the United States and then reinstated years or even decades after the original imprisonment.

Based on the foregoing, we REVERSE the district court's revocation of Okoko's term of supervised release for lack of jurisdiction and vacate the court's sentence against Okoko of an additional six months imprisonment followed by two years of supervised release.

REVERSED and REMANDED for further proceedings consistent herewith.