[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 20, 2009
THOMAS K. KAHN
CLERK

No. 08-15558
Non-Argument Calendar

_____

D. C. Docket No. 08-00024-CR-WCO-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARMANDO GUZMAN-CASTRO,
a.k.a. Alejandro Castro-Guzman,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(March 20, 2009)**

Before DUBINA, WILSON and FAY, Circuit Judges.

PER CURIAM:

Appellant Armando Guzman-Castro pleaded guilty to being an alien found within the United States without authorization after having been previously deported and removed from the country, in violation of 8 U.S.C. § 1326(a). He now appeals the district court's imposition of a $200 fine and a special condition of supervised release, requiring him to inform the probation officer in writing of his address in Mexico within one week of his deportation from the United States.

I.

First, Guzman-Castro argues that the district court clearly erred in imposing a $200 fine because the presentence investigation report ("PSI") reflected that he did not have the ability to pay a fine within the applicable guideline range, which was a fine between $500 and $5,000. He argues that the district court did not explain its decision to impose a fine, and it did not respond to his objection to the fine at sentencing. He further argues that there was no evidence that he could pay the fine. Guzman-Castro contends that the district court's failure to provide a reasoned basis for the fine requires that the sentence be vacated.

We review a district court's decision that a defendant can pay a fine for clear error. *United States v. Gonzalez*, 541 F.3d 1250, 1255 (11th Cir. 2008) (quoting *United States v. McGuinness*, 451 F.3d 1302, 1307 (11th Cir. 2006) (per curiam)). The defendant bears the burden of proving an inability to pay. *Id.* The

Guidelines require the district court to "impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. § 5E1.2(a). In determining whether to impose a fine, the district court considers, in relevant part, and in addition to the 18 U.S.C. § 3553(a) sentencing factors, "the defendant's income, earning capacity, and financial resources; [and] the burden that the fine will impose upon the defendant, any person who is financially dependent on the defendant, or any other person (including a government) that would be responsible for the welfare of any person financially dependent on the defendant, relative to the burden that alternative punishments would impose." 18 U.S.C. § 3572(a) (1) - (2).

If the court concludes that a fine is appropriate, it should consider, *inter alia*, the following in determining the amount of the fine:

> (1) the need for the combined sentence to reflect the seriousness of the offense (including the harm or loss to the victim and the gain to the defendant), to promote respect for the law, to provide just punishment and to afford adequate deterrence;
>
> (2) any evidence presented as to the defendant's ability to pay the fine (including the ability to pay over a period of time) in light of his earning capacity and financial resources;
>
> . . .
>
> (8) any other pertinent equitable considerations.

> The amount of the fine should always be sufficient to ensure that the fine, taken together with other sanctions imposed, is punitive.

U.S.S.G. § 5E1.2(d). The court may impose a lesser fine or waive a fine if the defendant establishes "that (1) he is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay all or part of the fine required by [application of § 5E1.2], or (2) imposition of a fine would unduly burden the defendant's dependents." *Id.* § 5E1.2(e).

"We do not require the sentencing court to make specific findings of fact with respect to the Sentencing Guideline factors as long as the record reflects the district court's consideration of the pertinent factors prior to imposing the fine." *Gonzalez*, 541 F.3d at 1256 (quotation & alteration omitted). "If the record does not reflect the district court's reasoned basis for imposing a fine, we must remand the case so that the necessary factual findings can be made." *Id.* (quotation omitted). In *Gonzalez*, we vacated the court's sentence and remanded the case for resentencing, because (1) the PSI provided a detailed financial analysis of the defendant's assets and concluded that the defendant lacked the ability to pay a fine in addition to mandatory restitution, (2) the court gave no explanation for the above-range fine that it imposed, and (3) the defendant objected to the fine. *Id.*

Here, we conclude from the record that the district court did not clearly err

in imposing a $200, below-range fine because Guzman-Castro failed to prove that he would not be able to pay the fine.

## II.

Next, Guzman-Castro challenges on two grounds the district court's requirement that he inform the probation office in writing of his address in Mexico. First, he contends that the district court lacked authority to impose this condition under 18 U.S.C. § 3583(d). Because § 3583(d) specifically addressed supervised release in connection with deportation but did not specifically authorize the court's reporting requirement, Guzman-Castro contends that the latter requirement was not authorized under the canon of statutory construction known as *expressio unius est exclusio alterius*. In this regard, he argues that the "catchall" provision in § 3583(d) does not authorize the court to impose the reporting requirement. Finally, he submits that, because there would be no way to enforce a violation of this condition while he remained outside the United States, the condition "effectively toll[ed] his supervised release until a hypothetical future return," which is prohibited under *United States v. Okoko*, 365 F.3d 962 (11th Cir. 2004). Second, he contends that the court's condition is "unreasonable" because it did not relate to the factors in 18 U.S.C. § 3553(a) that are cross-referenced in § 3583(d). In addition, Guzman-Castro submits that complying with the reporting

requirement is a "practical impossibility" because he will have no financial resources or family support upon his arrival in Mexico. For these reasons, Guzman-Castro requests that we vacate the judgment so that the district court may remove the reporting requirement.

"We review the district court's imposition of a special condition of supervised release for abuse of discretion, so long as the objection was preserved for appeal." *United States v. Taylor*, 338 F.3d 1280, 1283 (11th Cir. 2003). With respect to the court's authority to impose special conditions of supervised release, 18 U.S.C. § 3583(d) provides in pertinent part:

> The court may order, as a further condition of supervised release, to the extent that such condition –
>
> (1) is reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D);
>
> (2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and
>
> (3) is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a);
>
> any condition set forth as a discretionary condition of probation in section 3563(b) and any other condition it considers to be appropriate . . . .

18 U.S.C. § 3583(d); *see also* U.S.S.G. § 5D1.3(b); *Okoko*, 365 F.3d at 965 n.5

6

("Because . . . § 5D1.3 mirrors the language used in this statute, we consider it together with 18 U.S.C. § 3583(d) in reviewing the district court's imposition of a special condition on a supervised release.").

In *United States v. Guzman*, ___ F.3d ___, No. 08-14077 (11th Cir. Feb. 18, 2009), we addressed an almost identical special condition of supervised release. In that case, the district court imposed a requirement that the defendant inform his probation officer in writing of his address in Mexico within 72 hours of his deportation from the United States. *Id.* at ___. The defendant in *Guzman* offered identical arguments to those offered by Guzman-Castro in the instant case: (1) the reporting requirement was not related to the applicable § 3553(a) factors; (2) it would be practically impossible to comply with the reporting requirement due to his lack of financial resources; (3) the reporting requirement was prohibited by the canon of statutory construction known as *expressio unius est exclusio alterius* because a specific reference to deportation in § 3583(d) precluded imposing a reporting requirement under § 3583(d)'s catchall provision; and (4) the reporting condition constituted tolling of his supervised release in violation of *Okoko*. *See Id.* at ___. We then concluded that the reporting requirement was designed to ensure that the defendant stayed in Mexico by discouraging him from immediately re-entering the United States and allowing the probation officer to monitor his

location. *Id.* at ___. We held that the condition satisfied the § 3553(a) factors of deterrence and protecting the public from any future attempt at re-entry. *Id.*; *see* 18 U.S.C. §§ 3553(a)(2)(B)-(C), 3583(d)(1).

Finally, in *Guzman*, we held that (1) § 3583(d)'s reference to deportation did not, by negative implication, preclude the court from imposing the reporting requirement under § 3583(d); and (2) *Okoko* was not applicable because the instant reporting condition took effect upon the deportee's arrival in Mexico and did not toll the supervised release period. *Guzman*, ___ F.3d at ___.

In light of *Guzman*, we conclude that the district court had authority under § 3583(d) to impose the instant reporting requirement and, because this condition of supervision satisfied the statutory criteria, the court did not abuse its discretion in imposing the condition.

III.

Finally, the district court's written judgment and oral pronouncement of sentence conflicted. During the sentencing hearing, the district court imposed a one-year term of supervised release and lengthened the time for Guzman-Castro to report his address in Mexico from three days to one week. The written judgment stated that the term of supervised release was three years and the time for Guzman-Castro to report his address in Mexico was three days. "When a sentence

8

pronounced orally and unambiguously conflicts with the written order of judgment, the oral pronouncement governs." *United States v. Bates*, 213 F.3d 1336, 1340 (11th Cir. 2000).  Accordingly, we affirm the imposition of the $200 fine and the reporting condition of supervised release, but we remand for the limited purpose of correcting the clerical error in judgment.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**