[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-15345
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 1, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00090-CR-3-MCR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE MATA,
a.k.a. Officer George,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(October 1, 2010)

Before TJOFLAT, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Jorge Mata appeals his 200-month sentence imposed after pleading guilty to

conspiracy to distribute and possess with intent to distribute 100 kilograms or more

of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii), and 846.

On appeal, Mata raises two arguments. First, he asserts that the district court clearly erred by rejecting his constitutional challenge to the validity of his state court conviction for felony possession of cocaine, which was used to enhance penalties pursuant to 21 U.S.C. § 841(b)(1)(B). Specifically, he argues that: (i) his plea to that state charge was unknowing and involuntary because state-court counsel incorrectly advised him that his conviction for possession of cocaine would not be on his criminal record and could not be used against him in future proceedings; and (ii) the court erroneously determined that his uncorroborated testimony was insufficient to establish the invalidity of his prior conviction.

Second, he argues that his sentence, imposed following an upward variance from his guideline range of 151 to 188 months' imprisonment, was substantively unreasonable. For the following reasons, we affirm.

## I.

When consideration of a sentencing challenge is appropriate, "we review for clear error a district court's factual findings, and review *de novo* the application of the law to those facts." *United States v. De La Cruz Suarez*, 601 F.3d 1202, 1220-21 (11th Cir.), *cert. denied*, __ U.S. __, 130 S.Ct. 3532 (2010).

The statutory sentencing range for a violation of 21 U.S.C. § 841 that

involves 100 kilograms or more of marijuana is 5 years' to 40 years' imprisonment and at least 4 years' supervised release. 21 U.S.C. § 841(b)(1)(B). Nevertheless, if a person violates this section "after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment," to be followed by at least 8 years' supervised release. *Id.*

In order for the enhanced penalties to apply, the government must file, as it did in this case, an information stating the previous conviction to be relied on, and the defendant may then deny the conviction or claim that it was constitutionally invalid by filing a written response. 21 U.S.C. § 851(a), (c). Mata filed a written response challenging the constitutionality of his prior state drug conviction. If the defendant challenges the use of a prior conviction, he must "set forth his claim, and the factual basis therefor, with particularity in his response to the information[,] [and] shall have the burden of proof by a preponderance of the evidence on any issue of fact raised by the response." 21 U.S.C. § 851(c)(2). The only evidence Mata proffered in support of his claim that his state conviction was constitutionally invalid was his own testimony that his state-court counsel told him that his conviction could not be used against him in future proceedings.

A guilty plea, which amounts to the waiver of the constitutional rights

against self-incrimination, to trial by jury, and to confront one's accuser's, is only valid if it is entered intelligently and voluntarily. *See Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711-12, 23 L.Ed.2d 274 (1969). We must consider all of the relevant circumstances surrounding the guilty plea to determine its voluntariness. *See United States v. Deal*, 678 F.2d 1062, 1065 (11th Cir. 1982).

"[T]he voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985) (quotation omitted). Mata argues that his state-court counsel's advice concerning the collateral consequences of his guilty plea was wrong, and, therefore, the advice was outside the range of competence demanded of attorneys.

To succeed on an ineffective-assistance-of-counsel claim, a defendant must show by a preponderance of the evidence that (1) counsel's performance was deficient, and (2) this deficiency resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The two-part standard is applicable to ineffective-assistance-of-counsel claims arising out of the plea process, and the defendant can satisfy the "prejudice" requirement by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 57-59, 106

4

S.Ct. at 369-70.

Contrary to Mata's assertion, state-court counsel is not required to warn a defendant that his guilty plea "could have sentencing consequences if he [is] later convicted in federal court." *McCarthy v. United States*, 320 F.3d 1230, 1234 (11th Cir. 2003). "Counsel's affirmative misrepresentation in response to a specific inquiry from the defendant may, however, under certain circumstances, constitute ineffective assistance of counsel." *United States v. Campbell*, 778 F.2d 764, 768-69 (11th Cir. 1985), *abrogated on other grounds by Padilla v. Kentucky*, 130 S.Ct. 1473, 559 U.S. __, 176 L.Ed.2d 284 (2010) (declining to rule on the collateral-versus-direct distinction).

Here, the district court did not clearly err by finding that Mata failed to satisfy his burden of proof under 21 U.S.C. § 851(c)(2). Specifically, the record supports the court's conclusion that Mata failed to prove, by a preponderance of the evidence, that his guilty plea was constitutionally invalid because the only evidence he proffered was his own uncorroborated testimony that state-court counsel told him that his conviction could never be used against him in future proceedings. Moreover, even if state-trial counsel misinformed Mata that his state court conviction would carry no collateral consequences, there is no evidence in the record that he would not have pleaded guilty if counsel had given correct

5

advice.  *See Hill*, 474 U.S. at 57-59, 106 S.Ct. at 369-70.

II.

Mata argues that the district court abused its discretion in imposing a custodial sentence outside of the guidelines range.  He asserts that his upward-variance sentence is substantively unreasonable because any notion he had of actually killing a potential government witness "was quickly put to rest," and such conduct was adequately covered by the obstruction-of-justice enhancement and his resulting loss of an acceptance-of-responsibility reduction.

We review the sentence imposed by the district court for reasonableness. *United States v. Williams*, 526 F.3d 1312, 1321 (11th Cir. 2008).  The Supreme Court has clarified that the reasonableness standard means review for abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).  "[T]he burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence." *Williams*, 526 F.3d at 1322.

A sentence is procedurally unreasonable if the district court failed to calculate or incorrectly calculated the Guidelines, treated the Guidelines as mandatory, failed to consider the § 3553(a) factors, selected a sentence based on clearly erroneous facts, or failed to adequately explain the chosen sentence.  *Gall*,

6

552 U.S. at 51, 128 S.Ct. at 597. The § 3553(a) factors include, *inter alia*, (1) the applicable guideline range; (2) the nature and circumstances of the offense; (3) the history and characteristics of the defendant; (4) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (5) the need for adequate deterrence to criminal conduct; (6) protection of the public from further crimes of the defendant; and (7) the need to avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a)(1)-(7).

Once we conclude that the court made no procedural errors, we will then consider "the substantive reasonableness of the sentence," under the totality of the circumstances. *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. A sentence is substantively unreasonable if it is not supported by the § 3553(a) factors. *Id.* at 56, 128 S.Ct. at 600. "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *Williams*, 526 F.3d at 1323 (quotation omitted).

After correctly calculating the advisory guideline range, the court may impose a more severe or lenient sentence, as long as the resulting sentence is reasonable. *United States v. Valnor*, 451 F.3d 744, 750 (11th Cir. 2006). If it decides that a sentence outside that range is appropriate, it must "consider the

7

extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Gall*, 552 U.S. at 50, 128 S.Ct. at 597. Accordingly, it must "includ[e] an explanation for any deviation from the Guidelines range." *Id.* We may consider the deviation, "but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal." *Id.* Nonetheless, the district court's discretion is not unfettered. *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008).

Initially, we note that Mata does not challenge the procedural reasonableness of his sentence and has abandoned any claim in this respect. *See United States v. Arnoldo Guzman*, 558 F.3d 1262, 1265 (11th Cir. 2009) (holding that the defendant abandoned a sentencing challenge by failing to raise it on appeal). Second, his upward-variance sentence was substantively reasonable. The district court balanced Mata's request for mitigation, based on his guilty plea, against (a) the seriousness of his offense—an interstate conspiracy involving 483 pounds (or 219 kilograms) of marijuana, (b) the fact that he obstructed justice by soliciting the murder of a potential witness, and (c) the fact that, rather than accepting responsibility, he attempted to recant his prior admissions as to his role as a drug

8

supplier.

In addition, the record reflects that the court gave due consideration to mitigating factors because it began from the midpoint of his guideline range—rather than the high end—before applying a 30-month variance, and because Mata's 200-month sentence exceeded the high end of his guideline range by only 12 months, falling substantially below the statutory maximum term of life imprisonment.  Thus, the court's reasoning merits deference and provides a sufficiently compelling justification for the degree of variance in the instant case. *See Gall*, 552 U.S. at 50, 128 S.Ct. at 597; *United States v. Shaw*, 560 F.3d 1230, 1239-41 (11th Cir.), *cert. denied*, 129 S.Ct. 2847 (2009).  Accordingly, we affirm Mata's 200-month sentence.

**AFFIRMED.**