[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13195
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-00022-WSD-LTW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN VALDEZ-CRUZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 25, 2013)

Before TJOFLAT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Juan Valdez-Cruz appeals his sentence of 30 months' imprisonment and 3 years' supervised release, after pleading guilty to illegal re-entry of a deported alien, in violation of 8 U.S.C. § 1326(a), (b)(2).  For the reasons set forth below, we affirm Valdez-Cruz's sentence.

## I.

We review the reasonableness of a sentence under a deferential abuse of discretion standard of review.  *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597, 169 L. Ed. 2d 445 (2007).  A district court's sentence need not be the most appropriate one, but rather need only be a reasonable one.  *United States v. Irey*, 612 F.3d 1160, 1191 (11th Cir. 2010) (*en banc*).  We may set aside a sentence only if we determine, after giving a full measure of deference to the sentencing judge, that the sentence imposed truly is unreasonable.  *Id.*  The party challenging the sentence has the burden of establishing that the sentence was unreasonable based on the record and the factors set forth in 18 U.S.C. § 3553(a).  *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).  We utilize a two-step process in our review for reasonableness.  *United States v. Turner*, 626 F.3d 566, 573 (11th Cir. 2010).  First, we examine whether the district court committed any significant procedural error and, second, whether the sentence is substantively reasonable under the totality of the circumstances.  *Id.*

## A.

2

On appeal, Valdez-Cruz argues that the district court committed procedural error by basing his sentence on impermissible factors and clearly erroneous facts. According to Valdez-Cruz, the court based its sentence on the policy "problem" of allowing the families of illegal aliens to remain in the United States, which was contrary to *United States v. Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008). The court further stated that Valdez-Cruz's offense was serious because the provision of free medical care to illegal aliens increased medical costs. Valdez-Cruz argues that the record contained no factual basis for the court to conclude that he was responsible for increased medical costs in the United States, and thus, his sentence was based on clearly erroneous facts. Next, the court applied an unfounded stereotype to Valdez-Cruz, specifically, that "all drug traffickers come from Mexico" and that "all drugs that come to the United States come from Mexico." The court also erred in implying that his prior drug conviction involved a Mexican drug-trafficking organization.

In determining the reasonableness of a sentence, we review *de novo*, as a question of law, whether a factor considered by the district court in sentencing a defendant is impermissible. *Id.* at 1252. A sentence substantially affected by, or based entirely upon, an impermissible factor is unreasonable because such a sentence does not achieve the purposes of § 3553(a). *See United States v. Clay*, 483 F.3d 739, 745 (11th Cir. 2007); *Velasquez*, 524 F.3d at 1252.

3

A district court commits procedural error by (1) failing to calculate or improperly calculating the applicable guideline range; (2) treating the Guidelines as mandatory; (3) failing to consider the § 3553(a) factors; (4) selecting a sentence based on clearly erroneous facts; or (5) failing to adequately explain the chosen sentence. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. A factual finding is clearly erroneous when, although there is evidence to support it, we are left with the definite and firm conviction that a mistake has been committed after its review of the entire evidence. *United States v. Barrington*, 648 F.3d 1178, 1195 (11th Cir. 2011), *cert. denied*, 132 S. Ct. 1066 (2012).

In *Velasquez*, the district court sentenced Velasquez to nine months' imprisonment for violating his supervised release because it could not comprehend why an immigration judge released him on bond. 524 F.3d at 1249, 1252. We stated that the district court imposed Velasquez's sentence as if it were reviewing and overturning the immigration judge's decision. *Id.* at 1252. The district court also mistakenly assumed that, because the immigration judge denied Velasquez's asylum petition, the Board of Immigration Appeals and our Court would agree with that decision. *Id.* at 1252 n.3. In vacating Velasquez's sentence, we explained that the district court had attempted to usurp the role of the executive branch. *Id.* We concluded that "a judge may not impose a more severe sentence than he would have otherwise based on unfounded assumptions regarding an

4

individual's immigration status or on his personal views of immigration policy." *Id.* at 1253.

In this case, it is undisputed that the district court expressed its frustration with the supposed failure of U.S. immigration policy to disincentivize deported aliens from returning to the United States based on their families' presence in the United States. However, unlike in *Velasquez*, the district court did not impose Valdez-Cruz's sentence as though it were overturning an immigration decision by the executive branch and did not "usurp" the role of the executive branch. *See Velasquez*, 524 F.3d at 1252 & n.3. Further, the record does not show that the court sentenced Valdez-Cruz to a higher sentence on the basis of a disagreement with immigration policy. Rather, the court based Valdez-Cruz's sentence on its finding that deterrence was an important factor in Valdez-Cruz's case, in light of the likelihood that Valdez-Cruz's family would not be removed from the United States as a matter of U.S. immigration policy, and he could re-enter the United States after being deported to be with his family. Thus, the court did not rely on an impermissible factor in sentencing Valdez-Cruz.

At sentencing, the district court also stated that "all the drug traffickers come from Mexico," and indicated that Valdez-Cruz had assisted Mexican drug-traffickers with distributing drugs within the United States. The court also stated that Valdez-Cruz's instant offense was serious, in part, due to the financial

effect it had on the U.S. medical system.  This record does not support these statements, and the court's findings of fact in these respects are clearly erroneous. Having said this, we understand the court's frustration.

Despite the court's clearly erroneous findings of fact, the district court also properly discussed several of the § 3553(a) factors as they applied to Valdez-Cruz. Specifically, the district court stated that Valdez-Cruz had previously committed a "serious" drug-trafficking crime, in light of the amount of drugs involved, and that he committed the offense for the purpose of bringing illegal aliens to the United States.  Further, he had previously been instructed not to return to the United States, but he had returned despite the instruction.  The court found that Valdez-Cruz had no respect for U.S. law and would likely return to the United States again after being deported in order to be with his family.  The court stressed the importance of deterrence to both Valdez-Cruz and others.  The court further recognized that a guideline sentence was fair and just.  Accordingly, the record does not show that the sentence the court imposed was substantially based, much less entirely based, on the clearly erroneous facts, in light of the court's discussion of the other §  3553(a) factors.  *See Clay*, 483 F.3d 745; *Velasquez*, 524 F.3d at 1252; *see also United States v. Cunningham*, 669 F.3d 723, 730 (6th Cir.) (persuasively holding that a court commits procedural error by relying on clearly erroneous facts at sentencing where the erroneous information appears to have

6

been an important factor in determining the sentence), *cert. denied*, 133 S. Ct. 366 (2012).  Accordingly, the district court imposed a procedurally reasonable sentence.

## B.

Valdez-Cruz argues that the district court's imposition of a three-year term of supervised release, which included strict extraterritorial reporting requirements, was procedurally unreasonable.  He contends that the imposition of a term of supervision is procedurally incorrect in an "ordinary" deportation case because, as the Guidelines set forth, if a defendant illegally returns to the United States, the need to afford adequate deterrence and protect the public is adequately served by a new prosecution.  According to Valdez-Cruz, his case is an ordinary deportation case, and the presence of his family in the United States is not such an extraordinary factor to justify a non-guideline sentence.  He asserts that the court gave no case-specific justification for imposing a sentence that included three years' supervised release.  Finally, Valdez-Cruz argues that the directive to report to the probation office at specified times was contrary to the Guidelines and unreasonable, in light of the Sentencing Commission's view on deterrence and the facts of his case.[1]

---

[1]  Valdez-Cruz does not argue that the conditions of his supervised release involve a greater deprivation of his liberty than reasonably necessary or are inconsistent with any policy statements issued by the Sentencing Commission, and thus, these issues are abandoned.  *See*

We review the district court's imposition of a special condition of supervised release for abuse of discretion. *United States v. Guzman*, 558 F.3d 1262, 1264 (11th Cir. 2009). In 2011, U.S.S.G. § 5D1.1 was amended to provide that the district court should not ordinarily impose a term of supervised release where supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment. *See* U.S.S.G. § 5D1.1(c); U.S.S.G. App. C, Amend. 756. According to the application notes to § 5D1.1, the need to afford adequate deterrence and to protect the public ordinarily is adequately served by a new prosecution. U.S.S.G. § 5D1.1, cmt. n.5. However, the district court should consider imposing a term of supervised release where the court finds that it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case. *Id.*

With respect to the district court's authority to impose special conditions of supervised release, 18 U.S.C. § 3583(d) provides that the court may impose any condition it deems appropriate so long as it comports with the factors enumerated in § 3553(a). *See* 18 U.S.C. § 3583(d); *United States v. Zinn*, 321 F.3d 1084, 1089 (11th Cir. 2003). Similarly, the Guidelines permit the sentencing court to impose any conditions of supervised release that are "reasonably related" to the § 3553(a)

---

*United States v. Willis*, 649 F.3d 1248, 1254 (11th Cir. 2011) (providing that a party seeking to raise an issue on appeal must plainly and prominently so indicate), *cert. denied*, 132 S. Ct. 2733 (2012).

8

factors, so long as the conditions involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a) and are consistent with any pertinent policy statements issued by the Sentencing Commission. *See* U.S.S.G. § 5D1.3(b); *Zinn*, 321 F.3d at 1089.

We have previously upheld the imposition of a requirement that a defendant report to a U.S. Probation Office within 72 hours of his deportation. *Guzman*, 558 F.3d at 1262. We determined that the reporting requirement was designed to ensure that the defendant remained in Mexico. *Id.* at 1265. The requirement reasonably sought to accomplish this objective by discouraging the defendant from immediately re-entering the United States, and, more importantly, by allowing the probation officer to monitor his location. *Id.* Ensuring that the defendant remain in Mexico was strongly related to his unlawful re-entry offense, was specifically designed to deter him from unlawfully re-entering again, and, in this respect, would help protect the public from any future attempt by the defendant to unlawfully re-enter the country. *Id.* Thus, because the court's reporting requirement was reasonably related to several of the applicable § 3553(a) factors, it satisfied § 3583(d). *Id.* at 1265-66.

In this case, Valdez-Cruz has failed to show that the court committed procedural error in imposing a sentence that included a term of supervised release. The court emphasized the importance of deterrence in Valdez-Cruz's case. The

9

record supports the court's finding, as Valdez-Cruz had in the past shown a disrespect for the law by failing to appear in 2004 for his drug-trafficking offense and evading arrest until 2008. Additionally, Valdez-Cruz admitted to illegally re-entering the United States in July 2009, only three months after he had been deported in April 2009. Further, his family's presence in the United States illustrated that there was a likelihood that he would attempt to re-enter in order to be with them. The court's imposition of a reporting condition while he was in Mexico appears to have been designed to ensure that he remained in Mexico. *See id.* at 1265. Thus, the court may have determined that a term of supervised release with the reporting requirements would provide an added measure of deterrence and protection based on the facts and circumstances of Valdez-Cruz's offense. Although Valdez-Cruz argues that the court failed to give a case-specific reason for imposing a term of supervised release, the district court specifically discussed the need for deterrence in Valdez-Cruz's case and the record supports the court's determination. Thus, the imposition of a term of supervised release in Valdez-Cruz's case did not contravene § 5D1.1(c).

Valdez-Cruz has failed to show that the court abused its discretion in requiring, as a condition of his supervised release, the reporting of his address to the U.S. Probation Office within ten days of his deportation and the reporting of any subsequent changes in his address within ten days. As in *Guzman*, the

reporting requirement reasonably sought to ensure that Valdez-Cruz would not immediately attempt to re-enter the United States by allowing the probation officer to monitor his location. *See id.* Ensuring that Valdez-Cruz remained in Mexico was strongly related to his unlawful re-entry offense, was specifically designed to deter him from unlawfully re-entering again, and would help protect the public from any future attempt by Valdez-Cruz to unlawfully re-enter the country. *See id.* Thus, in light of the facts of Valdez-Cruz's case, the district court did not abuse its discretion in imposing the reporting requirements during his term of supervised release.

## C.

Valdez-Cruz argues that the district court abused its discretion in imposing a substantively unreasonable sentence. Valdez-Cruz further argues that the district court failed to give sufficient weight to (1) his personal history and characteristics as a father, "family man," and hard worker; (2) the mitigating circumstances surrounding his prior conviction; and (3) the reason for his one prior re-entry to the United States following his deportation, that is, to assist his family in paying for his daughter's gallbladder surgery. Valdez-Cruz also had requested that the court reduce his sentence by the time spent in administrative custody with U.S. Immigration and Customs Enforcement. According to Valdez-Cruz, the court based his sentence on the mistaken belief that all drug traffickers are Mexican, that

11

all drugs come from Mexico, and that Valdez-Cruz was simply a symbol of the "problem." Further, the court placed undue weight on punishment and deterrence because of the excessive weight it placed on the drug-trafficker stereotype, its disagreement with immigration policy, and incorrect facts. Valdez-Cruz notes that his 30-month sentence is approximately 3 times longer than his incarceration for his prior drug conviction.

We review a sentence's substantive reasonableness by examining the totality of the circumstances, which includes an inquiry into whether the § 3553(a) factors support the sentence in question. *United States v. Gonzales*, 550 F.3d 1319, 1323-24 (11th Cir. 2008). The district court must impose a sentence sufficient, but not greater than necessary, to comply with the purposes listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (3)-(7).

12

We do not substitute our own judgment for that of the district court in weighing the relevant sentencing factors, absent a clear error of judgment. *See United States v. Early*, 686 F.3d 1219, 1223 (11th Cir. 2012). A sentence imposed well below the statutory maximum is one indicator of a reasonable sentence. *See Gonzales*, 550 F.3d at 1324. We do not apply the reasonableness standard to each individual decision made during the sentencing process, but rather review the final sentence for reasonableness. *See United States v. Winingear*, 422 F.3d 1241, 1245 (11th Cir. 2005).

Valdez-Cruz has failed to show that the court imposed a substantively unreasonable sentence. First, his 30-month sentence was well below the statutory maximum of 20 years' imprisonment, which is one indicator of a reasonable sentence. *See Gonzales*, 550 F.3d at 1324. Valdez-Cruz's belief that certain mitigating factors weighed in favor of a lower sentence does not make the district court's choice of sentence unreasonable. Valdez-Cruz essentially seeks for us to re-weigh the § 3553(a) factors, which we are precluded from doing absent a clear error of judgment. *See Early*, 686 F.3d at 1223. As discussed above, the court's sentence was not based on an impermissible factor and was not substantially, much less entirely, based on clearly erroneous factual findings, but rather was based on the need for deterrence and the seriousness of his prior drug-trafficking offense. Given the need to deter Valdez-Cruz from illegally re-entering the United States in

the future, as his family would likely remain in the United States following his deportation, and the seriousness of Valdez-Cruz's drug-trafficking offense involving a large quantity of marijuana, we conclude that the court did not make a clear error in judgment in imposing a sentence of 30 months' imprisonment and 3 years' supervised release.  Further, to the extent that Valdez-Cruz argues that his sentence was unreasonable because the court failed to reduce his sentence by the time he spent in administrative custody, he has failed to show that this rendered his sentence unreasonable, as reasonableness is determined not by discrete decisions but by the final sentence.  *See Winingear*, 422 F.3d at 1245.  Accordingly, we conclude that Valdez-Cruz's sentence was substantively reasonable.

For the foregoing reasons, we affirm Valdez-Cruz's sentence.

**AFFIRMED.**