**UNITED STATES of America**

v.

**Fernando ZEPEDA–DOMINGUEZ, Defendant.**

**United States of America**

v.

**Enrique Bartolo, Defendant.**

**United States of America**

v.

**Martin Manuel Castillo, Defendant.**

**Criminal Nos. 2:07cr184, 4:07cr157, 4:07cr164.**

United States District Court, E.D. Virginia, Norfolk Division.

April 18, 2008.

---

Joseph E. Depadilla, United States Attorney's Office, Norfolk, VA, Brian J. Samuels, United States Attorney's Office, Newport News, VA, for Plaintiff.

## ORDER

HENRY COKE MORGAN, JR., Senior District Judge.

This matter is before the Court on the above captioned defendants' Motions to correct their sentences under Fed. R.Crim. Pro. 35(a) ("Rule 35(a)"). 2:07cr184, Doc. 18; 4:07cr157, Doc. 21; 4:07cr164, Doc. 19. Because the Court finds that there is no clear error in the defendants' sentences, these motions are **DENIED.**

Defendants Zepeda–Dominguez, Bartolo, and Castillo were sentenced on April 14, 2008. 2:07cr184, Doc. 17; 4:07cr157, Doc. 19; 4:07cr164, Doc. 18. As all three defendants are not United States citizens, and were residing in this country illegally, the Court directed in their judgment orders that the defendants be surrendered to the Department of Homeland Security Bureau of Immigration and Customs Enforcement for deportation proceedings upon their release from the custody of the Bureau of Prisons. 2:07cr184, Doc. 19; 4:07cr157, Doc. 22; 4:07cr164, Doc. 20. In addition, the Court imposed periods of supervised release to begin if and when the defendants reenter the United States. *Id.*

Each defendant then filed a nearly identical motion challenging the Court's directive that the period of supervised release begins if and when the defendant reenters the United States. 2:07cr184, Doc. 18; 4:07cr157, Doc. 21; 4:07cr164, Doc. 19. The defendants argue that this provision "is clear error and subject to correction within 7 days pursuant to Rule 35(a)." *Id.* The defendants argues that instead, their period of supervised release should commence upon the conclusion of their sentences. *Id.* As all three motions are identical, the analysis contained herein applies equally to each defendant, and all three judgment orders shall be amended as directed.

Rule 35(a) provides that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." The defendant alleges that it was "clear error" for the Court to "toll or suspend a period of supervised release while a defendant is outside the United States pursuant to deportation." Doc. 18 at 2. The defendant points to four (4) cases where circuit courts have held that this contradicts section 3624(e) of the Sentencing Reform Act. 18 U.S.C. § 3524(e); *see United States v. Ossa–Gallegos,* 491 F.3d 537 (6th Cir. 2007); *United States v. Okoko,* 365 F.3d 962 (11th Cir.2004); *United States v.*

*Juan–Manuel,* 222 F.3d 480 (8th Cir.2000); *United States v. Balogun,* 146 F.3d 141 (2d Cir.1998). The defendant admits, however, that the United States Court of Appeals for the Fourth Circuit has not yet considered the issue. Doc. 18 at 2.

The statute at issue, 18 U.S.C. § 3624(e), which governs the procedure for supervised release, states that "[a] prisoner whose sentence includes a term of supervised release after imprisonment shall be released by the Bureau of Prisons to the supervision of a probation officer.... The term of supervised release commences on the day the person is released...." The only part of this section that specifically address tolling the period of supervised release states that "[a] term of supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime...." *Id.* In addition, 18 U.S.C. § 3582(i) effectively tolls the term when a defendant violates a condition of supervised release:

> The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment, and, subject to the limitations in subsection (h), a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such violation.

The cases cited by the defendant find that these two (2) provisions limit the circumstances in which a Court can toll a period of supervised release to situations where either (1) the defendant is serving a term of imprisonment in connection with a crime or (2) the defendant has violated their

supervised release and a warrant or summons has been issued. *See Okoko,* 365 F.3d at 966 (noting that Congress listed specific contexts in which supervised release may be tolled, which do not include the period of time when a defendant is out of the country).

Here, however, the Court's judgment does not toll the defendant's period of supervised release while he is out of the country due to deportation. The defendant's period of supervised release cannot be tolled because it will not have begun within the meaning of the statute. The Court's judgment directs the Bureau of Prisons to surrender the defendant to the Department of Homeland Security Bureau of Immigration and Customs Enforcement (ICE) for deportation proceedings. Thus, the defendant is not "released by the Bureau of Prisons to the supervision of a probation officer" under 18 U.S.C. § 3624(e), but is instead in the custody of another federal agency. Because the beginning of a term of supervised release is triggered by the release of a defendant to the supervision of his probation officer, the defendant's term of supervised release does not begin where the Bureau of Prisons lacks the authority to release the defendant to the supervision of the probation officer. The defendant's argument rests on the proposition that he would serve his term of supervised release without ever reporting for supervision. This cannot be the intent of the statute. If he is not deported then he would remain in the United States and would be compelled to report. If, as expected, he is deported, then he must report to probation if and when he reenters the United States.

The Court finds further support in 18 U.S.C. § 3582(i). By absenting himself from this jurisdiction, and thus never reporting to his probation officer as required, the defendant will violate the con-

ditions of his supervised release upon his deportation. Were the Court to issue a warrant for the defendant's arrest based on this violation, the power of the Court to revoke the term of supervised release and to order the defendant to serve a term of imprisonment or a further term of supervised release would "extend[ ] beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration," which would likely be until the defendant reenters the United States. *See* 18 U.S.C. § 3582(i). The Court could simply include a provision in the judgment order directing the Probation Officer to immediately issue a violation report if the defendant fails to report upon his release from imprisonment. Of course he could not report if instead of being released he is delivered to the custody of ICE. The Court would then issue a warrant, thus tolling the period of supervised release. This would have the same effect as the provision stating that the period of supervised release shall commence if and when the defendant reenters the United States. The Court finds that this step is unnecessary, however, because the defendant's period of supervised release will not begin upon his release from the custody of the Bureau of Prisons.

Thus, the Court cannot say that it was "clear error" for the Court to state that supervised release begins if and when the defendant reenters the United States. However, it would clarify the issue to amend the judgment order to provide that if the defendant is not deported, supervised release commences when the defendant is released from the custody of ICE and surrendered to the supervision of a probation officer, but if he is deported then supervised release commences if and when the defendant reenters the United States, at which time he is ordered to report to a probation officer.

The defendant's motion is therefore **DENIED,** but the judgement order is amended as provided herein.

The Clerk is **REQUESTED** to mail a copy of this Order to all counsel of record in each criminal case.

It is so **ORDERED.**