

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-29-2009

# USA v. Collin Cole

Precedential or Non-Precedential: Precedential

Docket No. 08-3201

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Collin Cole" (2009). *2009 Decisions.* Paper 1267.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1267

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-3201
_____

UNITED STATES OF AMERICA

v.

COLLIN ROMEO COLE
Collin R. Cole,
Appellant

_____

Appeal from the United States District Court
for the District of Delaware
(D.C. Criminal No. 07-cr-00162-001)
District Judge:  Honorable Joseph J. Farnan, Jr.

_____

Argued March 24, 2009

Before:  RENDELL, AMBRO and JORDAN, Circuit Judges.

(Filed:  May 29, 2009)

_____

Edson A. Bostic, Esq.
Daniel I. Siegel, Esq.    **[ARGUED]**
Office of Federal Public Defender
704 King Street
First Federal Plaza, Suite 110
Wilmington, DE  19801
   *Counsel for Appellant*

Christopher J. Burke, Esq.    **[ARGUED]**
Office of United States Attorney
1007 North Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE  19899
   *Counsel for Appellee*

---

OPINION OF THE COURT

---

RENDELL, Circuit Judge.

Collin Romeo Cole, a Jamaican national, pled guilty to illegal reentry into the United States. The District Court sentenced Cole to 71 months in prison and three years of supervised release. It ordered that the supervised release term be tolled as long as Cole remained outside of the United States following his possible removal after his prison term. Cole argues that the District Court exceeded its statutory authority when it tolled his period of supervised release, because tolling is not a "condition" of supervised release within the meaning of 28 U.S.C. § 3583(d). We agree that the District Court did not

have authority to suspend Cole's period of supervised release, and we will accordingly remand to the District Court to correct this aspect of his sentence.

## I. Background

Cole was removed from the United States in 2005, after he was convicted of two violent felonies in New York. He illegally reentered the United States, and in 2007 he was arrested on criminal impersonation and forgery charges and incarcerated in a Delaware State prison. In November of 2007, Immigration and Customs Enforcement ("ICE") learned of Cole's reentry and imprisonment, and he was charged with violation of 8 U.S.C. § 1326(a) and (b)(2), which carry a statutory maximum of 20 years' imprisonment. He pled guilty in March of 2008.

The District Court sentenced Cole to 71 months in prison and three years of supervised release. The court said that, based on Cole's history of illegal reentry and his family situation (he has children who live in New York), it believed he would want to return to the United States. Anticipating Cole's future illegal reentry, the court ordered that his three-year term of supervised release not run during any time he was excluded from the United States. During the sentencing hearing, the District Court said:

> If you're deported, the term of supervised release, Mr. Cole, will run inactively as long as you remain outside the United States. Should you reenter the United States after deportation, that action will be a violation of supervised release. . . .

Now, I want to make something clear to you, Mr. Cole. You're going to be on supervised release once you're gone from prison. That's inactive. None of that time is running while you're outside the United States. The minute you reenter the United States, it's a violation . . .. So don't come back.

(App. 29-30.)

The written judgment of the District Court contains what the court termed a "special condition[] of supervision": "The defendant's term of supervised release shall run inactive if the defendant is deported. Should the defendant re-enter the United States after deportation, such action will be considered a violation of supervised release." (App. 6.)

**II. Discussion**

Cole argues that the District Court exceeded its statutory authority when it ordered that his period of supervised release be tolled during his period of exclusion from the United States. The issue of whether the statutes governing supervised release permit tolling in this situation is a question of statutory interpretation subject to de novo review. *See United States v. Poellnitz*, 372 F.3d 562, 570 (3d Cir. 2004). Because Cole did not object to the condition during sentencing, we review his sentence under the plain error standard. Fed. R. Crim. P. 52(b).

We have two issues to decide: whether the District Court's tolling of supervised release was proper; and, if it was improper, whether it was a plain error.

4

## A.  Tolling is Not a Condition of Supervised Release

Whether a District Court exceeds its authority under 18 U.S.C. § 3583 when it orders that a term of supervised release be tolled during the time that a defendant is excluded from the United States following removal is an issue of first impression in our court.  Four of our sister courts of appeals have held that such tolling exceeds a district court's power to set conditions of supervised release.  *See United States v. Ossa-Gallegos*, 491 F.3d 537 (6th Cir. 2007) (en banc); *United States v. Okoko*, 365 F.3d 962 (11th Cir. 2004); *United States v. Juan-Manuel*, 222 F.3d 480 (8th Cir. 2000); *United States v. Balogun*, 146 F.3d 141 (2d Cir. 1998).

18 U.S.C. § 3583(a) authorizes district courts to include a period of supervised release as part of a defendant's sentence. In addition to the enumerated conditions that a court must impose as part of supervised release,[1] the statute also provides that "[t]he court may order, as a further condition of supervised release, . . . any other conditions it considers to be appropriate," as long as the conditions reasonably relate to the sentencing

---

[1]18 U.S.C. § 3583(d) expressly directs district courts to order that the defendant not commit another crime or unlawfully possess a controlled substance during the period of supervised release.  The statute also includes provisions that deal with rehabilitation for domestic violence and drug abuse, sex offender registration, DNA samples, and submission to drug testing.  18 U.S.C. § 3583(d).

factors in 18 U.S.C. § 3553(a).[2]  In addition, a special condition must involve no greater deprivation of liberty than is reasonably necessary for the purposes of imposing the sentence and must be consistent with any pertinent policy statement issued by the Sentencing Commission.  18 U.S.C. § 3583(d)(2)-(3).

Cole points out that the supervised release statute, 18 U.S.C. § 3583, does not expressly authorize tolling during a period of exclusion from the United States.  He also notes that Congress has specifically authorized tolling of supervised release in only one situation – where the defendant is imprisoned on an unrelated crime for more than 30 days.  Additionally, he argues that the canon of *expressio unius est exclusio alterius* (the expression of one thing is the exclusion of another) means that Congress did not intend for tolling to be applied in other situations.  *See* 18 U.S.C. § 3624(e).  Cole acknowledges that the statute does allow district courts to create special conditions of supervised release, but argues that tolling is not such a "condition" because there is no "activity the defendant must avoid, no task the defendant must complete, no restriction the defendant must observe."  (Appellant's Br. 9.)

---

[2] A court may order a further condition of supervised release if the condition relates to the nature of the offense and the history of the defendant, as well as the need for the sentence to deter criminal conduct, protect the public, and provide the defendant with effective correctional and rehabilitative treatment.  *See* 18 U.S.C. § 3583(d)(1); 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D).

The government argues that the District Court did not err when it tolled Cole's period of supervised release. According to the government, Congress gave district courts broad power in § 3583(d) to set supervised release conditions. It argues that the tolling is a classic "condition of supervised release," one that relates to the nature and circumstances of the offense, the history and characteristics of the defendant, deterrence, protection of the public, and the provision of needed correctional treatment. The government contends that it makes sense for the supervised release term to be tolled, because the U.S. Probation Office will not be able to supervise the defendant during the time he is outside the United States, and the rehabilitative and transitional functions of supervised release will be lost. Furthermore, it urges that if the defendant returns to the United States, he should face the full set of requirements in the supervised release order.

The United States Court of Appeals for the Sixth Circuit addressed all of these arguments in its thorough en banc opinion in *United States v. Ossa-Gallegos*, 491 F.3d 537 (6th Cir. 2007). Ossa-Gallegos, like Cole, was charged with illegal reentry. He was sentenced to 33 months' imprisonment and two years of supervised release, and the district court ordered that the supervised release term would be tolled while he was outside of the United States. In the panel opinion, *United States v. Ossa-Gallegos*, 453 F.3d 371 (6th Cir. 2006), the court was obliged to affirm the district court's decision to toll supervised release because in an earlier case, *United States v. Isong*, 111 F.3d 428 (6th Cir. 1997), the court had implicitly presumed that tolling was a condition of supervised release and found that it was reasonably related to the § 3553(a) factors. Ossa-Gallegos acknowledged that *Isong* bound the panel, but petitioned for

review by the full court. The court vacated the panel opinion and granted en banc review. The en banc court found, unanimously, that tolling was not a condition of supervised release and overruled *Isong*. 491 F.3d at 545. The en banc court's reasoning in *Ossa-Gallegos* is persuasive.

Section 3583(d) allows district courts to order "conditions" of supervised release; therefore, our inquiry is whether tolling is such a condition. If tolling is not a condition, then a district court has no authority to order tolling of supervised release. Within the existing jurisprudence there are two different approaches to defining "condition." The en banc *Ossa-Gallegos* court reasoned that a "condition" is a contingency, a prerequisite or circumstance necessary to a particular result. 491 F.3d. at 541. Other courts have held that a "condition" is something over which the defendant has a degree of control, something that the defendant either must do or must refrain from doing. *See Okoko*, 365 F.3d at 966; *Juan-Manuel*, 222 F.3d at 487; *Balogun*, 146 F.3d at 146.

We are not convinced that we need to choose a particular definition for "condition." Our focus is on whether tolling is a condition, and we believe the better reading of the statute is that tolling is not a condition of supervised release. Rather, tolling is a suspension of the supervised release period, a way of removing the defendant from the effects of his sentence for a specific period of time. It is useful to remember that tolling has its roots in equity, as a way of temporarily stopping the running of time for fairness reasons. *See, e.g.*, *Shendock v. Dir., Office of Workers' Comp. Programs*, 893 F.2d 1458, 1462 (3d Cir. 1990). A statute of limitations, for example, may be tolled while

8

the plaintiff is a minor, or when the plaintiff has been prevented from asserting his rights in some extraordinary way. *See, e.g., Santos ex rel. Beato v. United States*, 559 F.3d 189 (3d Cir. 2009); *Urcinoli v. Cathel*, 546 F.3d 269, 272-73 (3d Cir. 2008).

Tolling, as a suspension of the time that supervised release runs, is quite unlike any of the other conditions that district courts may impose as part of supervised release: refraining from illegal drug use; going to a rehabilitation program for sex offenders; providing a DNA sample. *See* 18 U.S.C. § 3583(d). Other special conditions include requiring a defendant to notify his probation officer when he is questioned by law enforcement, or limiting a defendant's contact with minors. *See, e.g., United States v. Maloney*, 513 F.3d 350, 357 (3d Cir. 2008); *United States v. Loy*, 237 F.3d 251, 269-70 (3d Cir. 2001). Each of these conditions is an aspect of supervised release that is tailored to each defendant. They have nothing to do with the time that the sentence or supervision is running; tolling is not analogous to these conditions. We agree with the *Ossa-Gallegos* court, which said:

> [T]olling describes the existing state of supervised release – that is, whether or not the period of supervised release is running. 'Tolling' is not a 'condition' in the sense in which the term is used in § 3583(d), and therefore, courts do not have authority under § 3583(d) to issue 'conditions' of supervised release which toll the period for which deported aliens are subject to supervised release.

491 F.3d at 542.

9

The structure of the supervised release statutes also suggests that tolling a period of supervised release following removal is beyond the authority of a district court. By law, a term of supervised release commences on the day the defendant is released from imprisonment. 18 U.S.C. 3624(e). Congress has provided for an exception to this rule in only one situation[3]: where the defendant is imprisoned for more than 30 days for another conviction. 18 U.S.C. § 3624(e). That is the only instance in which Congress allowed for the suspension of the supervised release period, and it did so specifically by statute.

---

[3]The government argues that there is another express tolling provision, because 18 U.S.C. § 3583(i) gives a court the power to revoke a defendant's supervised release term after the date when the term would have expired if a warrant or summons for a violation of supervised release was issued before the end of the term. Several courts refer to this section as a tolling provision. *See e.g.*, *United States v. Okoko*, 365 F.3d 962, 964-65 (11th Cir. 2004); *United States v. Juan-Manuel*, 222 F.3d 480, 488 (8th Cir. 2000). The United States Court of Appeals for the Sixth Circuit, however, does not view section 3583(i) as a tolling provision, "because tolling requires an actual suspension of the running of the period of supervised release, and under § 3583(i) there is no suspension, but rather an extension of the period during which the government may pursue violations of supervised release." *United States v. Ossa-Gallegos*, 491 F.3d 537, 543 n.5 (6th Cir. 2007). We agree with the Sixth Circuit Court of Appeals that § 3583(i) is not a tolling provision, because there is no suspension of the supervised release period, but rather an extension of it.

10

We find persuasive Cole's argument that the canon of *expressio unius est exclusio alterius* suggests that where Congress has explicitly allowed for tolling only when the defendant is imprisoned on another charge, it does not intend for district courts to toll supervised release under any other circumstance.

The government argues that an alien living abroad cannot be supervised effectively by U.S. Probation, whose reach does not extend beyond the borders of the United States. Further, it urges that a defendant may find it difficult or impossible to comply with the conditions of supervised release, which means that a violation of the terms of supervised release is almost automatic. However, the statute addresses some of those concerns – none of the mandatory conditions of supervised release requires physical presence in the United States (e.g., refraining from the use of drugs, not committing a crime) and those that might (like drug treatment) are only mandatory if they exist within a 50-mile radius of the defendant's home.

We also note that the statutory structure makes the government's position logically suspect: a defendant charged with illegal reentry, such as Cole, may be ordered to leave and stay outside of the United States as a condition of his supervised release. 18 U.S.C. § 3583(d) ("If an alien defendant is subject to deportation, the court may provide, as a condition of supervised release, that he be deported and remain outside the United States . . .."). If a defendant is removed and ordered excluded from the United States as a condition of supervised release, how can it be that the period of supervised release is tolled during that period? *See Isong*, 111 F.3d at 433 (Moore, J., dissenting). The United States Court of Appeals for the

11

Eighth Circuit noted this problem in *United States v. Juan-Manuel*, 222 F.3d 480 (8th Cir. 2000): "Congress could not have intended to allow a defendant to be excluded from the United States as a *condition* of supervised release while, at the same time, allow all conditions of supervised release to be suspended for the duration of that exclusion." *Id.* at 487.[4]

We appreciate the government's arguments as to practicality and the desire to impose terms of supervised release on post-removal defendants when they return to the United States – indeed, it may make sense for Congress to address this issue and revise the statute – but, as written, the statute does not allow district courts to toll supervised release periods following removal. We concur with our sister courts of appeals: if Congress had wanted to authorize tolling the period of supervised release during the period that a removed defendant was outside the jurisdiction of the United States, the statute would contain that provision.

---

[4] This logical inconsistency appears in the District Court's judgment, in which it writes that "[t]he defendant's term of supervised release shall run inactive if the defendant is deported. Should the defendant re-enter the United States after deportation, such action will be considered a violation of supervised release." (App. 6.) If the period of supervised release has been tolled and is suspended during the time Cole is excluded from the United States, his reentry into the United States cannot violate supervised release, because there is no supervised release in effect.

12

## B. Plain Error

The other courts of appeals that have addressed the issue of whether a term of supervised release may be tolled following a defendant's removal have reviewed the question de novo. However, Cole did not object to the tolling at sentencing; therefore, we review his sentence for plain error. Fed. R. Crim. P. 52(b). Having decided that the District Court erred when it tolled Cole's term of supervised release, we must now determine whether that error was plain, whether it affected Cole's substantial rights, and whether it seriously affects the fairness, integrity, or public reputation of judicial proceedings.

Cole contends that the plain error standard was met. He argues that there was error, and that even though there was no Third Circuit precedent directly on point, the error was clear because all of the other circuits who had ruled on the issue had held that there was no tolling. Further, Cole says, the error affected his substantial rights because he would be subject to imprisonment upon his return to the United States, even if he returned long after the three-year period of supervised release would have run had he remained in the United States. Finally, he argues that the error seriously affected the integrity of judicial proceedings, because imposing a sentence not authorized by law has a serious and detrimental impact on the fairness and reputation of the proceedings.

The government revisits its arguments that there was no error in the first place: that the District Court has discretion to fashion conditions of supervised release and that tolling supervised release can prevent an illegally returning defendant

from entering the United States again. It says that even if we find that the District Court should not have tolled Cole's period of supervised release, the error was not plain because of the lack of Third Circuit precedent. It argues that even though the four courts of appeals that have spoken on the issue have all found the tolling to be error, the United States Court of Appeals for the Sixth Circuit had previously held otherwise, in *Isong*, and two district courts, in Virginia and in Texas, found such tolling permissible. *See United States v. Zepeda-Dominguez*, 545 F. Supp. 2d 547 (E.D. Va. 2008); *United States v. Castro-Gonzalez*, No. 04-337, 2008 WL 620741 (S.D. Tex. Mar. 4, 2008).

The government analogizes the situation here to the fact pattern presented in *United States v. Harris*, 471 F.3d 507 (3d Cir. 2006). There, we found that the government's questioning at trial amounted to legal error, but that the error wasn't plain because the issue was complicated and fact specific, and the Supreme Court had yet to rule. The government also cites *United States v. Rivas*, 493 F.3d 131 (3d Cir. 2007), where we found that while certain police testimony was improper, the error wasn't plain because "there was at least a possible legitimate reason for the testimony." *Id.* at 137.

The government also argues that there is no effect on Cole's substantial rights or a miscarriage of justice. The government distinguishes Cole's situation from cases where the condition of supervised release at issue would have an immediate impact on the defendant as soon as he was released from prison. Here, the government argues, the impact on Cole is far more remote, because the condition will only apply if Cole

14

is removed after his prison term, and the supervised release period will begin only if he has reentered the United States after removal. The government says that this is far too speculative to affect Cole's substantial rights or the fairness and integrity of the proceedings.

We have already concluded that the District Court erred when it ordered that Cole's period of supervised release be tolled following his removal. We also conclude that the error was plain: the statute simply does not allow a district court to stop and start supervised release. The statute provides for the supervised release period to start on the day that the defendant is released from prison; it continues during the period of months or years that the district court ordered in its judgment. As noted above, the only exception is when the defendant is imprisoned for more than 30 days for another crime. 18 U.S.C. § 3624(e). If Congress intended there to be an exception for post-removal defendants' supervised release, it would have included that in the statute.

We are not persuaded by the government's arguments as to the lack of Third Circuit authority. Even though the District Court had no precedent from our court to guide its decision, all of the other circuits that have addressed the issue have found that such tolling is impermissible based upon the statutory provisions at issue. In *United States v. Evans*, 155 F.3d 245 (3d Cir. 1998), we found that a district court violated the supervised release statute when it conditioned supervised release on reimbursement of the cost of court-appointed counsel. The government argued that the error was not plain because we had not yet addressed whether such a condition was appropriate. We

15

found that the government's argument was "without merit. Neither the absence of circuit precedent nor the lack of consideration of the issue by another court prevents the clearly erroneous application of statutory law from being plain error." *Id.* at 252. Cole's arguments in this case are even stronger than those of the defendant in *Evans*, because there were four court of appeals opinions to provide guidance.

The government's citation to *Harris* and *Rivas* is unhelpful. Both *Harris* and *Rivas* were fact-intensive cases – this case is not. The legal issue here does not involve a complex set of facts or judgments as to evidentiary matters. Rather, it involves an examination of various statutory provisions regarding sentencing. Therefore, *Harris* and *Rivas* fail to persuade us that we should find that the error in this case was not plain.

The government also points to *Isong*, the Sixth Circuit case that was overruled by the en banc *Ossa-Gallegos* opinion, and two district court cases: *Zepeda-Dominguez* and *Castro-Gonzalez*. The government describes these as tolling cases, but both cases seek to distinguish *Ossa-Gallegos*. In *Zepeda-Dominguez*, the district court specifically said that it was not tolling the defendant's period of supervised release. Rather, the court's judgment ordered that the defendant be released from the Bureau of Prisons directly to ICE for removal. The court reasoned that because supervised release does not begin until a defendant is released by the Bureau of Prisons to the supervision of a probation officer, a defendant who is immediately removed before reporting to a probation officer would not begin the supervised release period until he reenters the United States and

16

reports to a probation officer. 545 F. Supp. 2d at 549. Whether the *Zepeda-Dominguez* court effectively distinguished *Ossa-Gallegos* is not before us; even if the case were properly decided, it is not helpful to the government here.

In *Castro-Gonzalez*, the district court pointed out that the judgment does not toll the term of supervised release, but rather provides that while the defendant was out of the country he would not be subject to supervision by the Probation Office. The court distinguished *Ossa-Gallegos*, saying that "[s]upervision becoming inactive is distinguishable from an explicit statement that the supervised release term itself is 'tolled.'" 2008 WL 620741, at *4. Again, whether the district court effectively distinguished *Ossa-Gallegos* is not for us to decide, but as with *Zepeda-Dominguez*, *Castro-Gonzalez* does not support the government's argument that the District Court's error was not plain. The great weight of authority holds that the tolling the district court ordered here was impermissible, and we find that the error was plain.

We also find that the error affected Cole's substantial rights. Our precedent is clear that a plainly erroneous condition of supervised release always affects a defendant's substantial rights. *See United States v. Voelker*, 489 F.3d 136, 154 (3d Cir. 2007). Even though we hold today that tolling is not a condition of supervised release, the same reasoning applies – the District Court's tolling of supervised release inevitably affects Cole's substantial rights, because it unlawfully extends the time that the supervised release conditions apply to him beyond the three years of his sentence. The statute says that his supervised release period starts the day he is released from prison; his

17

sentence says that the period runs for three years. Tolling supervised release in a manner not allowed by the statute affects Cole's substantial rights.

The government's argument that Cole will not be prejudiced immediately by the tolling, and that therefore his substantial rights are not affected, is not persuasive. A condition of supervised release to be applied after a defendant has served a long prison sentence may be remote, but if it is contrary to law it still affects his substantial rights. While we do not know now whether Cole will seek to reenter the United States after he serves his prison sentence and is removed, no court can know, when it applies a condition of supervised release, whether the defendant will violate it. The supervised release situation is by definition speculative. That does not prevent it from affecting substantial rights.

In *Evans*, we held that "imposing a sentence not authorized by law seriously affects the fairness, integrity, and reputation of the proceedings." 155 F.3d at 152. Having decided today that the tolling of Cole's period of supervised release during his time of exclusion from the United States was unlawful, we would be casting doubt on the fairness, integrity, and reputation of our proceedings if we were to allow tolling without statutory authorization.

We are guided by our sister courts of appeals, and by our own precedents, to conclude that the District Court's tolling of supervised release following Cole's post-imprisonment removal was plain error, that it affected Cole's substantial rights, and that it affected the fairness and integrity of our judicial proceedings.

18

In light of the above, we will reverse the District Court and remand the case for resentencing consistent with this opinion.