OPINION OF THE COURT
VAN ANTWERPEN, Circuit Judge.
Appellant Valeriano Ortiz-Flores pleaded guilty to one count of illegal reentry into the United States following deportation. On August 11, 2008, the District Court imposed a sentence of 21 months’ imprisonment plus three years of supervised release. In doing so, the court orally informed Appellant that, “[i]f you are deported from the United States, you shall not unlawfully return to the United States and the term of supervision will be served inactively.” Neither party took issue with this statement.
On August 18, 2008, the District Court issued its written judgment of sentence. The section of the judgment addressing “Supervised Release” states that, “[u]pon release from imprisonment, the defendant shall be on supervised release for a term of 3 YEARS.” After discussing a number of “Standard Conditions” of supervised release, the judgment includes one “Special Conditio[n] of Supervision” — “[t]he defendant’s term of supervised release shall run inactive if the defendant is deported. Should the defendant re-enter the United States, it will be considered violation [sic] of supervised release.”
Appellant takes issue with the special condition of supervised release, which he contends is different from the special condition announced during the sentencing hearing—
[u]nder the oral condition, the term of supervised release runs inactively and then expires after the three years. Under the written judgment, the term of supervised release is tolled during the time spent in the foreign country, and then re-activates upon defendant’s return to the United States, even if the return occurs more than three years after release from prison.
Appellant’s Br. at 2-3. This Court recently held that a condition such as that described by Appellant exceeds the District Court’s authority under 18 U.S.C. § 3583 and constitutes plain error. See United States v. Cole, 567 F.3d 110 (3d Cir.2009). Appellant thus requests that we remand to the District Court with instructions to issue a revised written judgment.
The Government argues that we need not remand, maintaining that there is no conflict between the oral pronouncement and the written judgment because supervised release that “run[s] inactively,” as stated in the judgment, is the same thing as supervised release that is “served inactively,” as stated during the sentencing hearing — the ultimate result under both the oral pronouncement and the written judgment is that Appellant, when outside of the United States, would serve his term without active supervision by the probation office and that the term would expire three years after his release from prison. Alternatively, the Government asserts that, even if the oral pronouncement and the judgment differ, the fact that former controls obviates the need for remand. See United States v. Chasmer, 952 F.2d 50, 52 (3d Cir.1991) (“[W]e ... follow the ‘firmly established and settled principle of federal criminal law that an orally pronounced sentence controls over a judgment and commitment order when the two conflict.’ ” (quoting United States v. Villano, 816 F.2d 1448, 1450 (10th Cir.1987))).
In response to the Government’s argument, Appellant notes that the written *274 judgment, in stating that, “[sjhould the defendant re-enter the United States, it will be considered violation [sic] of supervised release,” does not contain the oral pronouncement’s three-year time limit, without which illegal re-entry constitutes a violation of supervised release whenever it occurs. Appellant also argues that, even though the oral pronouncement is controlling, we should remand to eliminate the ambiguity in the written judgment lest it cause confusion in the future.
In an abundance of caution, we believe that the written judgment should be revised for clarity’s sake. The District Court’s written judgment, in stating that “[t]he defendant’s term of supervised release shall run inactive if the defendant is deported. Should the defendant re-enter the United States, it will be considered violation [sic] of supervised release,” could be read in two ways. The first sentence provides that the supervised release period runs inactively if Appellant is deported and then presumably expires after the previously delineated three-year term of supervised release ends. The second sentence, however, if read in isolation, could be interpreted as stating that a reentry, no matter how far into the future it occurs, would constitute a violation of supervised release. Given this ambiguity, we believe it is appropriate to remand so that the District Court can clarify its condition of supervised release. Supporting this decision is the fact that the written judgment in this case is worded in a manner substantially similar to that which was found to constitute plain error in Cole. Accordingly, we will vacate the challenged condition of supervised release, and remand for further proceedings consistent with this opinion and our decision in Cole.