**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 09-5144**

—————————

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

     v.

ALEJANDRO CASTRO-CASTRO, a/k/a Jose Luis Gutierrez, a/k/a
Alejandro Castro,

          Defendant – Appellant.

—————————

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.   Henry Coke Morgan, Jr.,
Senior District Judge.  (2:08-cr-00201-HCM-TEM-1)

—————————

Submitted:  September 30, 2010     Decided:  December 6, 2010

—————————

Before SHEDD and WYNN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

—————————

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

—————————

Michael S. Nachmanoff, Federal Public Defender, Richard J.
Colgan, Assistant Federal Public Defender, Caroline S. Platt,
Research and Writing Attorney, Norfolk, Virginia, for Appellant.
Neil H. MacBride, United States Attorney, Richard D. Cooke,
Assistant United States Attorney, Richmond, Virginia, for
Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alejandro Castro-Castro pleaded guilty to a one-count indictment charging him with illegal reentry into the United States following deportation and subsequent to a felony conviction, in violation of 8 U.S.C. § 1326(a), (b)(1) (2006), and was sentenced to twenty-one months' imprisonment and three years' supervised release, with the requirement that "[i]f the defendant is deported, supervised release is to begin if and/or when the defendant reenters the United States." On appeal, Castro-Castro argues that the district court lacked the authority to delay the start of his supervised release. We agree and, accordingly, affirm Castro-Castro's conviction, vacate his sentence, and remand the case for further proceedings.[*]

Supervised release is governed by 18 U.S.C. § 3583 (2006), which provides that a court, "in imposing a sentence . . . may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment." 18 U.S.C. § 3583(a). A court imposing a term of supervised release is directed to examine specified sentencing factors set forth in 18 U.S.C. § 3553(a) (2006) in determining the length of the term. 18 U.S.C. § 3583(c). Courts are also

_____

[*] Castro-Castro does not challenge his conviction on appeal.

2

permitted to impose conditions on supervised release, including the condition that the defendant not commit any crimes during the term of supervised release. 18 U.S.C. § 3583(d). Section 3583(d) further permits a sentencing court to impose "any condition" as "a further condition to supervised release," so long as the condition meets certain criteria, including that the condition is "reasonably related" to the specified § 3553(a) factors, involves "no greater deprivation of liberty than is reasonably necessary," and is consistent with the Sentencing Commission's policy statements. 18 U.S.C. § 3583(d)(1)-(3). Section 3583(d) also provides that "[i]f an alien defendant is subject to deportation, the court may provide, as a condition of supervised release, that he be deported and remain outside the United States, and may order that he be delivered to a duly authorized immigration official for such deportation." 18 U.S.C. § 3583(d).

In addition to § 3583, 18 U.S.C. § 3624(e) (2006) supplies the statutory definition for when a term of supervised release begins: "The term of supervised release commences on the day the person is released from imprisonment." 18 U.S.C. § 3624(e). The statute provides for the tolling of supervised release in a single circumstance — when the defendant is imprisoned on an unrelated crime for more than thirty days. Id.

3

On appeal, Castro-Castro argues that, under the plain language of § 3624(e), the district court lacked the authority to delay the start of his supervised release in the event he is deported following his incarceration. Castro-Castro notes that his position has the support of the five circuit courts that have addressed the issue. See United States v. Cole, 567 F.3d 110 (3d Cir. 2009); United States v. Ossa-Gallegos, 491 F.3d 537 (6th Cir. 2007) (en banc); United States v. Okoko, 365 F.3d 962 (11th Cir. 2004); United States v. Juan-Manuel, 222 F.3d 480 (8th Cir. 2000); United States v. Balogun, 146 F.3d 141 (2d Cir. 1998). The Government, while contending that our review is for plain error, agrees with Castro-Castro that the district court lacked the authority to delay the start of his supervised release. We agree with the Government that, even under the plain error standard, Castro-Castro is entitled to relief.

In order to satisfy the plain error standard, Castro-Castro must show: (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights. See United States v. Olano, 507 U.S. 725, 732 (1993). The decision to correct the error lies within our discretion, and we exercise that discretion only if the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." Olano, 507 U.S. at 732 (alterations and internal quotation marks omitted). Castro-Castro bears the burden of

4

satisfying each element of the plain error standard. United States v. Vonn, 535 U.S. 55, 59 (2002).

The parties agree that Castro-Castro's appeal raises a question of statutory interpretation. "When interpreting statutes we start with the plain language." U.S. Dep't of Labor v. N.C. Growers Ass'n, 377 F.3d 345, 350 (4th Cir. 2004). In interpreting the plain language of a statute, we give the terms their "ordinary, contemporary, common meaning, absent an indication Congress intended it to bear some different import." North Carolina ex rel. Cooper v. Tenn. Valley Auth., 515 F.3d 344, 351 (4th Cir. 2008) (alterations and internal quotation marks omitted).

In this case, the plain language of § 3624(e) clearly provides that supervised release starts "on the day" the defendant is released from prison. The statute provides for tolling only when the defendant is otherwise incarcerated, and "the fact that Congress explicitly allows for tolling only when a defendant is imprisoned indicates that Congress does not intend for district courts to toll the period of supervised release under any other circumstance." Ossa-Gallegos, 491 F.3d at 543. In contrast, in the case of probation, Congress has provided for tolling mechanisms. See 18 U.S.C. § 3564(a) ("A term of probation commences on the day that the sentence of probation is imposed, unless otherwise ordered by the court.").

5

In addition, as both parties note, an opposite position creates certain logical inconsistencies. As the Third Circuit explained, "a defendant charged with illegal reentry . . . may be ordered to leave and stay outside of the United States as a condition of his supervised release. If a defendant is removed and ordered excluded from the United States as a condition of supervised release, how can it be that the period of supervised release is tolled during that period?" Cole, 567 F.3d at 115 (citations omitted).

Finally, while § 3583 does permit the district court to impose conditions on supervised release, "'tolling' is not a 'condition' in the sense in which the term is used in § 3583(d)." Ossa-Gallegos, 491 F.3d at 542. "[C]onditions" within § 3583 "are contingencies upon which the right to continue on supervised release depends," and "the continuation of supervised release is not contingent on tolling; rather, tolling describes the existing state of supervised release — that is, whether or not the period of supervised release is running." Id.

The district court attempted to distinguish these cases by stating that it was not "tolling" the supervised release, but simply delaying the start of supervised release in the event Castro-Castro was deported following his imprisonment. In addition, the district court's order still runs afoul of

6

§ 3624(e) because Castro-Castro's supervised release will not necessarily "commence on the day" his term of imprisonment ends.

Further, as the Government concedes, the district court's error satisfies the remaining requirements for relief on plain error review - the error was plain and affects Castro-Castro's substantial rights. Moreover, we will use our discretion to correct the error because it affects the fairness, integrity, and reputation of our proceedings. See Cole, 567 F.3d at 118.

Accordingly, although we affirm Castro-Castro's conviction, we vacate his sentence and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED