**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 10-4551**

---

UNITED STATES OF AMERICA,

                  Plaintiff – Appellee,

        v.

LUIS ANGEL GONZALES, a/k/a Luis Angel Gonzales Sanchez,
a/k/a Angel Gonzales, a/k/a Juis Angel Gonzales-Sanchez,
a/k/a Luis Angelgo Sanchez, a/k/a Luis Angel Sanchez,

                  Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.  Henry Coke Morgan, Jr.,
Senior District Judge.  (2:09-cr-00178-HCM-FBS-1)

---

Submitted:  February 15, 2011          Decided:  March 18, 2011

---

Before SHEDD and WYNN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

---

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

---

Michael S. Nachmanoff, Federal Public Defender, Richard J.
Colgan, Assistant Federal Public Defender, Caroline S. Platt,
Research and Writing Attorney, Norfolk, Virginia, for Appellant.
Neil H. MacBride, United States Attorney, Randy Stoker,
Assistant United States Attorney, Norfolk, Virginia, for
Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis Angel Gonzales pled guilty to a one-count indictment charging him with illegal reentry into the United States following deportation in violation of 8 U.S.C. § 1326(a) (2006), and was sentenced to eight months' imprisonment and one year of supervised release, with the condition that "his period of supervised release shall not commence until he surrenders to the probation officer to begin serving that period, which is to say, he's not going to be serving supervised release while he's deported and outside of the United States." The court further ordered that upon completion of the term of imprisonment, Gonzales is to be surrendered to immigration authorities for deportation. On appeal, Gonzales argues that the district court lacked the authority to delay the start of his supervised release. We agree and, accordingly, affirm Gonzales' conviction, vacate his sentence, and remand the case for further proceedings.[*]

Supervised release is governed by 18 U.S.C. § 3583 (2006), which provides that a court, "in imposing a sentence . . . may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment." 18 U.S.C. § 3583(a). A court imposing a term of

---

[*] Gonzales does not challenge his conviction on appeal.

supervised release is directed to examine specified sentencing factors set forth in 18 U.S.C. § 3553(a) (2006) in determining the length of the term. 18 U.S.C. § 3583(c). Courts are also permitted to impose conditions on supervised release, including the condition that the defendant not commit any crimes during the term of supervised release. 18 U.S.C. § 3583(d). Section 3583(d) further permits a sentencing court to impose "any condition" as "a further condition to supervised release," so long as the condition meets certain criteria, including that the condition is "reasonably related" to the specified § 3553(a) factors, involves "no greater deprivation of liberty than is reasonably necessary," and is consistent with the Sentencing Commission's policy statements. 18 U.S.C. § 3583(d)(1)-(3). Section 3583(d) also provides that "[i]f an alien defendant is subject to deportation, the court may provide, as a condition of supervised release, that he be deported and remain outside the United States, and may order that he be delivered to a duly authorized immigration official for such deportation." 18 U.S.C. § 3583(d).

In addition to § 3583, 18 U.S.C. § 3624(e) (2006) supplies the statutory definition for when a term of supervised release begins: "The term of supervised release commences on the day the person is released from imprisonment." 18 U.S.C. § 3624(e). The statute provides for the tolling of supervised

4

release in a single circumstance—when the defendant is imprisoned on an unrelated crime for more than thirty days. Id. On appeal, Gonzales argues that, under the plain language of § 3624(e), the district court lacked the authority to delay the start of his supervised release in the event he is deported following his incarceration. Gonzales notes that his position has the support of the five circuit courts that have addressed the issue. See United States v. Cole, 567 F.3d 110 (3d Cir. 2009); United States v. Ossa-Gallegos, 491 F.3d 537 (6th Cir. 2007) (en banc); United States v. Okoko, 365 F.3d 962 (11th Cir. 2004); United States v. Juan-Manuel, 222 F.3d 480 (8th Cir. 2000); United States v. Balogun, 146 F.3d 141 (2d Cir. 1998). The Government agrees with Gonzales that the district court lacked the authority to delay the start of his supervised release.

This appeal raises a question of statutory interpretation. "When interpreting statutes we start with the plain language." U.S. Dep't of Labor v. N.C. Growers Ass'n, 377 F.3d 345, 350 (4th Cir. 2004). In interpreting the plain language of a statute, we give the terms their "ordinary, contemporary, common meaning, absent an indication Congress intended it to bear some different import." North Carolina ex rel. Cooper v. Tenn. Valley Auth., 515 F.3d 344, 351 (4th Cir. 2008) (alterations and internal quotation marks omitted).

In this case, the plain language of § 3624(e) clearly provides that supervised release starts "on the day" the defendant is released from prison. The statute provides for tolling only when the defendant is otherwise incarcerated, and "the fact that Congress explicitly allows for tolling only when a defendant is imprisoned indicates that Congress does not intend for district courts to toll the period of supervised release under any other circumstance." Ossa-Gallegos, 491 F.3d at 543. In contrast, in the case of probation, Congress has provided for tolling mechanisms. See 18 U.S.C. § 3564(a) ("A term of probation commences on the day that the sentence of probation is imposed, unless otherwise ordered by the court.").

In addition, we note that an opposite position would result in certain inconsistencies. As the Third Circuit explained, "a defendant charged with illegal reentry . . . may be ordered to leave and stay outside of the United States as a condition of his supervised release. If a defendant is removed and ordered excluded from the United States as a condition of supervised release, how can it be that the period of supervised release is tolled during that period?" Cole, 567 F.3d at 115 (citations omitted).

Finally, while § 3583 does permit the district court to impose conditions on supervised release, "'tolling' is not a 'condition' in the sense in which the term is used in

6

§ 3583(d)." Ossa-Gallegos, 491 F.3d at 542. "[C]onditions" within § 3583 "are contingencies upon which the right to continue on supervised release depends," and "the continuation of supervised release is not contingent on tolling; rather, tolling describes the existing state of supervised release—that is, whether or not the period of supervised release is running." Id.

We conclude that the district court's order runs afoul of § 3624(e) because Gonzales' supervised release will not necessarily "commence on the day" his term of imprisonment ends. Accordingly, although we affirm Gonzales' conviction, we vacate his sentence and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED