**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-5147

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ROY FLORES-SIERRAS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Henry Coke Morgan, Jr., Senior District Judge.  (4:10-cr-00102-HCM-TEM-1)

Submitted:  May 24, 2011              Decided:  June 22, 2011

Before SHEDD and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Richard J. Colgan, Assistant Federal Public Defender, Caroline S. Platt, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Norfolk, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Scott W. Putney, Assistant United States Attorney, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roy Flores-Sierras pled guilty to a one-count indictment charging him with illegal reentry into the United States following deportation in violation of 8 U.S.C. § 1326(a) (2006) and was sentenced to three months' imprisonment and one year of supervised release, with the condition that he serve the period of supervised release "if he returns to the country, legally or illegally, with the usual terms." The court further ordered that upon completion of the term of imprisonment, Flores-Sierras is to be surrendered to immigration authorities for deportation. On appeal, Flores-Sierras argues that the district court lacked the authority to delay the start of his supervised release. We agree and accordingly vacate his sentence and remand the case for further proceedings.[*]

Supervised release is governed by 18 U.S.C. § 3583 (2006), which provides that a court, "in imposing a sentence . . . may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment." 18 U.S.C. § 3583(a). A court imposing a term of supervised release is directed to examine specified sentencing factors set forth in 18 U.S.C. § 3553(a) (2006) in determining

---

[*] Flores-Sierras does not challenge his conviction on appeal.

the length of the term.  18 U.S.C. § 3583(c).  Courts are also permitted to impose conditions on supervised release, including the condition that the defendant not commit any crimes during the term of supervised release.  18 U.S.C. § 3583(d).  Section 3583(d) further permits a sentencing court to impose "any condition" as "a further condition to supervised release," so long as the condition meets certain criteria, including that the condition is "reasonably related" to the specified § 3553(a) factors, involves "no greater deprivation of liberty than is reasonably necessary," and is consistent with the Sentencing Commission's policy statements.  18 U.S.C. § 3583(d)(1)-(3).  Section 3583(d) also provides that "[i]f an alien defendant is subject to deportation, the court may provide, as a condition of supervised release, that he be deported and remain outside the United States, and may order that he be delivered to a duly authorized immigration official for such deportation."  18 U.S.C. § 3583(d).

In addition to § 3583, 18 U.S.C. § 3624(e) (2006) supplies the statutory definition for when a term of supervised release begins: "The term of supervised release commences on the day the person is released from imprisonment."  18 U.S.C. § 3624(e).  The statute provides for the tolling of supervised release in a single circumstance — when the defendant is imprisoned on an unrelated crime for more than thirty days.  Id.

3

On appeal, Flores-Sierras argues that, under the plain language of § 3624(e), the district court lacked the authority to delay the start of his supervised release in the event he is deported following his incarceration. Flores-Sierras notes that his position has the support of the five circuit courts that have addressed the issue. See United States v. Cole, 567 F.3d 110 (3d Cir. 2009); United States v. Ossa-Gallegos, 491 F.3d 537 (6th Cir. 2007) (en banc); United States v. Okoko, 365 F.3d 962 (11th Cir. 2004); United States v. Juan-Manuel, 222 F.3d 480 (8th Cir. 2000); United States v. Balogun, 146 F.3d 141 (2d Cir. 1998). The Government agrees with Flores-Sierras that the district court lacked the authority to delay the start of his supervised release.

This appeal raises a question of statutory interpretation. "When interpreting statutes we start with the plain language." U.S. Dep't of Labor v. N.C. Growers Ass'n, 377 F.3d 345, 350 (4th Cir. 2004). In interpreting the plain language of a statute, we give the terms their "ordinary, contemporary, common meaning, absent an indication Congress intended it to bear some different import." North Carolina ex rel. Cooper v. Tenn. Valley Auth., 515 F.3d 344, 351 (4th Cir. 2008) (alterations and internal quotation marks omitted).

In this case, the plain language of § 3624(e) clearly provides that supervised release starts "on the day" the

defendant is released from prison. The statute provides for tolling only when the defendant is otherwise incarcerated, and "the fact that Congress explicitly allows for tolling only when a defendant is imprisoned indicates that Congress does not intend for district courts to toll the period of supervised release under any other circumstance." Ossa-Gallegos, 491 F.3d at 543. In contrast, in the case of probation, Congress has provided for tolling mechanisms. See 18 U.S.C. § 3564(a) ("A term of probation commences on the day that the sentence of probation is imposed, unless otherwise ordered by the court.").

In addition, we note that an opposite position would result in certain inconsistencies. One condition of supervised release is that Flores-Sierras refrain from reentering the United States if deported. But if his supervised release does not begin until he reenters the United States, this condition is a nullity. As the Third Circuit explained, "[i]f a defendant is removed and ordered excluded from the United States as a condition of supervised release, how can it be that the period of supervised release is tolled during that period?" Cole, 567 F.3d at 115 .

Finally, while § 3583 does permit the district court to impose conditions on supervised release, "'tolling' is not a 'condition' in the sense in which the term is used in § 3583(d)." Ossa-Gallegos, 491 F.3d at 542. "[C]onditions"

5

within § 3583 "are contingencies upon which the right to continue on supervised release depends," and "the continuation of supervised release is not contingent on tolling; rather, tolling describes the existing state of supervised release — that is, whether or not the period of supervised release is running." Id.

We conclude that the district court's order runs afoul of § 3624(e) because Flores-Sierras' supervised release will not necessarily "commence on the day" his term of imprisonment ends. Accordingly, we vacate Flores-Sierras' sentence and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

6