NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1893
_____

UNITED STATES OF AMERICA

v.

FRANCISCO ALFARO
aka Robby Vazquez

Francisco Alfaro,
                    Appellant


_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 11-cr-00835-001 )
District Judge: Honorable Susan D. Wigenton
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 8, 2013
_____


Before: FUENTES, GREENBERG, and BARRY *Circuit Judges*.

(Filed: October 30, 2013 )
_____

OPINION OF THE COURT
_____

1

FUENTES, *Circuit Judge*:

In this appeal, Francisco Alfaro challenges the reasonableness and procedural soundness of a two-year term of supervised release the District Court imposed as part of Alfaro's sentence. For the reasons set forth below, we affirm.

I.

On December 7, 2011, Alfaro, a citizen of Costa Rica, pleaded guilty to willfully and knowingly making a false statement in a passport application in violation of 18 U.S.C. § 1542 in the District of New Jersey. On March 12, 2012, Alfaro was sentenced to time-served, which totaled around twenty months, though the guidelines range was only one to seven months.

The court also imposed a term of two years of supervised release and a special condition as part of that supervised release term: that Alfaro cooperate with U.S. Immigrations and Customs Enforcement ("ICE"). As part of this condition, the District Court required that, "[i]f deported, [Alfaro] shall not re-enter the United States without written permission of the Attorney General. If [Alfaro] re-enter[s] the United States, [he is to] report in person to the nearest U.S. Probation Office within 48 hours." App. at 8.

The Pre-Sentence Report ("PSR"), prepared by the U.S. Probation Office, stated that the "the Court may impose a term of supervised release of not more than 3 years. 18 U.S.C. § 3583(b)(2)" and that "[t]he guideline range for a term of supervised release is at least 1 but not more than 3 years, pursuant to U.S.S.G. § 5D1.1(b). Supervised release is required if the Court imposes a term of imprisonment of more than one year, unless a

2

departure is granted in accordance with the Application Notes of U.S.S.G. §§ 5D1.1 and 5D1.2." The PSR did not mention U.S.S.G. § 5D1.1(c) which provides that "[t]he court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." Application Note 5 further explains the import of this subsection:

> In a case in which the defendant is a deportable alien specified in subsection (c) and supervised release is not required by statute, the court ordinarily should not impose a term of supervised release. Unless such a defendant legally returns to the United States, supervised release is unnecessary. If such a defendant illegally returns to the United States, the need to afford adequate deterrence and protect the public ordinarily is adequately served by a new prosecution. The court should, however, consider imposing a term of supervised release on such a defendant if the court determines it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case.

U.S.S.G. § 5D1.1, cmt. n. 5. At sentencing no one discussed U.S.S.G. § 5D1.1(c).

The District Court gave the following explanation for the sentence it imposed:

> I did … read the presentence report and certainly understand where Mr. Alfaro falls under the Sentencing Guidelines. I also understand that I'm not bound by the Guidelines, and I have used them only in an advisory capacity. But the sentence that I impose is one I feel is appropriate within my discretion. He has a criminal history category of 2, and he has a total offense level of 6. I would note that under the 3553(a) factors, a sentence that should be imposed is one that in fact promotes respect for the law and also provides just punishment for the activity engaged in by Mr. Alfaro, and hopefully deter[s] not only Mr. Alfaro, but others that are contemplating engaging in activity of this nature, specifically reentering this country when they have in fact—they are not a citizen here.
>
> In addition to that, I'm satisfied that the sentence I impose will be one which does not create any unwarranted sentencing disparities, but will be keeping with what is appropriate under all of the circumstances. [App. at 56.]

3

Before imposing sentence, the District Court questioned the parties regarding whether an ICE detainer had already been lodged against Alfaro, and when it was determined that the answer to this question was not clear, the District Court held Alfaro for an additional 24 hours so that ICE could handle administrative issues. Alfaro did not take exception to any portion of the PSR nor did Alfaro make any objections at the sentencing hearing.

After sentencing, Alfaro filed a *pro se* notice of appeal, and on September 25, 2012, he was removed to Costa Rica.

## II.

Before addressing the merits, the Court must address the government's argument that this case is now moot given Alfaro's removal to Costa Rica, as this question implicates the Court's subject matter jurisdiction to hear this case.[1] *See United States v. Jackson*, 523 F.3d 234, 237 (3d Cir. 2008) ("We are required to confront a question about our jurisdiction before we can proceed to the [merits of appellant's claim]."); *see also United States v. Huff*, 703 F.3d 609, 611 (3d Cir. 2013).

We ordinarily presume that a defendant who is serving a term of supervised release has a live "case or controversy" sufficient to a hear a challenge to the imposition of the supervised release term. *See United States v. Jackson*, 523 F.3d 234, 241 (3d Cir. 2008). The question here, however, is whether Alfaro's removal to Costa Rica mooted his

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291.

appeal given that many of the practical restraints of supervised release no longer apply to him. The United States, as the party "arguing that [the] case is moot[,] must bear a heavy burden of demonstrating the facts underlying that contention." *In re Price*, 370 F.3d 362, 366 (3d Cir. 2004) (internal quotation marks omitted). However, the government simply argues that Alfaro "would only be affected by the terms of [his] supervised release if he *illegally* returns to this country before the expiration of his supervised release in March 2014." Gov't Br. at 9 (emphasis added). Even if we were to agree with the government's legal premise, the government has not described the facts that would make it unlikely that Alfaro could obtain permission to reenter the U.S. legally before the end of his release term. In short, the government has failed to meet its burden that the case is moot. Thus we conclude that this Court has jurisdiction to hear Alfaro's appeal.

### III.

Satisfied that we have jurisdiction, we now turn to the merits of Alfaro's appeal. The government argues that plain error review applies because at no point did Alfaro object to either the PSR recommending a supervised release term of one to three years or the imposition of the supervised release term at his sentencing. The sentencing record confirms that Alfaro raised no objections, and the government is indeed correct that plain error review therefore applies. *United States v. Berger*, 689 F.3d 297, 299 (3d Cir. 2012). Under this standard, "[w]e may … set aside [Alfaro's] sentence only if: (1) the District Court erred; (2) the court's error was clear or obvious; (3) [Alfaro] can show that the error affected his substantial rights, i.e., that it prejudiced him; and (4) not correcting the error would seriously impair the fairness, integrity, or reputation of a judicial

proceeding." *United States v. Reynoso*, 254 F.3d 467, 469 (3d Cir. 2001); *see also* *Berger*, 689 F.3d at 299 (quoting same).

Our review of whether a District Court erred in imposing a sentence upon a criminal defendant is twofold. First, we consider whether the sentencing court committed any procedural errors "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). Second, if the District Court committed no procedural error, we consider the sentence's substantive reasonableness. A sentence is substantively unreasonable only if "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Tomko*, 562 F.3d at 568.

Alfaro objects to the procedures used by the District Court in exercising its discretion. Sentencing courts shall consider "the factors set forth in [§] 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)" in determining whether to

impose a term of supervised release and its length. 18 U.S.C. § 3583(c).[2] Alfaro argues that the District Court failed to address the § 3553(a) factors when it imposed a term of supervised release. We agree with Alfaro only in part. The record below contains no mention of U.S.S.G. § 5D1.1(c), which disfavors the use of supervised release for defendants who are likely to be removed after serving a term of imprisonment.

We need not decide whether there was an error because Alfaro failed to bring this potential error to the District Court's attention at any point, and he cannot satisfy his burden to show that it was clear or obvious, that it prejudiced him, and that failing to correct the error would "impair the fairness, integrity, or reputation of a judicial proceeding." *Reynoso*, 254 F.3d at 469. Because the District Court was within its right to impose a term of supervised release under § 5D1.1, any potential error was not plain. *See United States v. Vazquez*, 271 F.3d 93, 107 (3d Cir. 2001) (finding "there was no plain error because the 5-year supervised release term was clearly within the range that the court was authorized to impose" even though the district court erroneously thought there was a five-year, rather than three-year, minimum of supervised release); *see contra*, *United States v. Cole*, 567 F.3d 110, 118 (3d Cir. 2009) ("Having decided today that the tolling of Cole's period of supervised release during his time of exclusion from the United States was unlawful [and prejudiced him], we would be casting doubt on the

---

[2] Section 3553(a)(1) refers to "the nature and circumstances of the offense and the history and characteristics of the defendant", (a)(2) refers to "the need for the sentence imposed … (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner", (a)(4) refers to the applicable guidelines range, (a)(5) refers to any pertinent policy statements issued by the sentencing commission, and (a)(6) refers to the need to avoid sentencing disparities. 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(a)(2)(D),(a)(4)-(a)(6).

fairness, integrity, and reputation of our proceedings if we were to allow tolling without statutory authorization.").

Having reviewed Alfaro's remaining challenges to the substantive and procedural reasonableness of his supervised release term under the legal frameworks set forth above, we conclude these arguments are without merit.

## IV.

For the foregoing reasons, we affirm the sentence of supervised release imposed by the District Court.