[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-12574
Non-Argument Calendar
_____

D.C. Docket No. 2:15-cr-14002-JEM-1

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

TERRENCE L. SIMMONS,

Defendant–Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 31, 2015)

Before WILLIAM PRYOR, JULIE CARNES, and FAY, Circuit Judges.

PER CURIAM:

Defendant Terrence Simmons appeals his sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  After Defendant pled guilty, the district court sentenced him to 64 months' imprisonment and 3 years of supervised release.  In addition to the standard conditions, the district court imposed a special condition of supervised release prohibiting Defendant from associating with known gang members while on supervised release.  On appeal, Defendant argues that the district court erred in finding that he was a gang "associate," and therefore abused its discretion in imposing the above-mentioned special condition of supervised release.  After careful review, we affirm.

We review the district court's factual findings for clear error.  *United States v. McGuinness*, 451 F.3d 1302, 1304 (11th Cir. 2006).  But we review the district court's imposition of a special condition of supervised release for abuse of discretion.  *United States v. Moran*, 573 F.3d 1132, 1137 (11th Cir. 2009).

A district court is permitted to impose any condition of supervised release it deems appropriate, so long as it reasonably relates to certain factors enumerated in 18 U.S.C. § 3553(a).  18 U.S.C. § 3583(d)(1).  The relevant § 3553(a) factors to be considered when imposing special conditions of supervised release are the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed to:  (1) afford adequate deterrence to

criminal conduct; (2) protect the public from further crimes of the defendant; and (3) provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner.  *See id.*; *see also* 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D).  Additionally, the sentencing court is permitted to impose a special condition if it "involves no greater deprivation of liberty than is reasonably necessary," and is consistent with the policy statements of the Sentencing Commission.  18 U.S.C. § 3583(d)(2)-(3).  Because U.S.S.G. § 5D1.3(b) mirrors § 3583(d), we consider that guideline provision together with the statute when reviewing the district court's imposition of a special condition of supervised release.  *Compare* U.S.S.G. § 5D1.3(b), *with* 18 U.S.C. § 3583(d)(1)-(3); *see United States v. Okoko*, 365 F.3d 962, 965 n.5 (11th Cir. 2004) (noting that we consider § 5D1.3(b) in conjunction with § 3583(d) when reviewing a special condition of supervised release).

We conclude that the district court did not clearly err in finding that Defendant was a gang "associate."  Nor did the district court abuse its discretion in imposing a special condition on supervised release prohibiting Defendant from associating with gang members while of supervised release.  The record showed that the present offense involved Defendant's sale of a gun to a confidential informant, where the confidential informant and Defendant agreed to meet at the residence of a known gang member.  When the confidential informant arrived,

Defendant was with another individual, who was also a known gang member. Moreover, recorded conversations between Defendant and his associates during the transaction revealed that Defendant had admitted committing several robberies and had discussed setting up a house from which to sell drugs. The record further showed that the Florida Department of Corrections made a finding that Defendant was part of a gang during his incarceration for a state crime in 2009, and Defendant had admitted his gang affiliation to a police officer in July 2005.

Defendant does not dispute this evidence, but instead argues that it is insufficient to show that he associated with gang members. However, because the unrefuted evidence supports the district court's finding that Defendant associated with gang members, the district court's finding was not clearly erroneous. *See United States v. Rodriguez*, 751 F.3d 1244, 1255 (11th Cir. 2014) (stating that there can be no clear error where the district court's findings are supported by the record), *cert. denied*, 135 S. Ct. 310 (2014).

Furthermore, the district court's imposition of a special condition prohibiting Defendant from associating with known gang members is reasonably related to the § 3553(a) factors. *See* 18 U.S.C. § 3583(d)(1); U.S.S.G. § 5D1.3(b). As to the nature and circumstances of the offense, two known gang members were involved in Defendant's commission of the present offense. *See* 18 U.S.C. § 3553(a)(1). With respect to Defendant's history and characteristics, the government provided

4

documentation showing that Defendant started associating with gangs as early as 2005, when he admitted his gang association to a police officer. *See id.* In any event, regardless of Defendant's past gang association, the district court's imposition of a special condition prohibiting him being involved with gang members while on supervised release is a prudent directive, especially given Defendant's prior convictions for sale and possession of cocaine and for being a felon in possession of a firearm.

Moreover, the special condition also reasonably relates to the need to protect the public from further crimes by Defendant, as evidenced by the recorded conversations revealing Defendant's plans to commit future crimes with a known gang member. *See id.* § 3553(a)(2)(C). Because the special condition is reasonably related to at least two of the § 3553(a) factors and does not unduly restrict Defendant's liberties, the district court did not abuse its discretion by imposing this special condition of supervised release. *See* 18 U.S.C. § 3583(d)(1)-(2); *see also United States v. Bull*, 214 F.3d 1275, 1278 (11th Cir. 2000) (concluding that a special condition of supervised release need not be related to each factor listed under U.S.S.G. § 5D1.3(b)).

For the above reasons, Defendant's sentence is **AFFIRMED.**

5