# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 14, 2025

Lyle W. Cayce
Clerk

No. 23-20471

United States of America,

*Plaintiff—Appellee*,

*versus*

Joseph Terrell Goody,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CR-495-1

_____

Before Southwick, Oldham, and Ramirez, *Circuit Judges*.

Per Curiam:

Joseph Terrell Goody, a documented gang member and career criminal, appeals his conviction and sentence for possession of a firearm by a felon. He argues the conviction infringes his right to keep and bear arms. He also argues that a supervised-release condition barring him from associating with gang members is void for vagueness. Both challenges fail. So we affirm.

I

Defendant Joseph Terrell Goody is a gang member with a lengthy rap sheet. Goody committed his first recorded crime at the age of fifteen, when

he fled from police.[1] At age seventeen, Goody added a conviction for cocaine possession to his record. The next year, Goody broke down "the front door of a residence." ROA.304. When inside, Goody pointed a gun at his victim and "demanded the keys to the truck parked outside." *Ibid.* The victim "dove out a glass window" "in fear of his life." *Ibid.* Goody was convicted of robbery.

That was only the beginning of Goody's criminal history. But to avoid belaboring the point, we omit the details of Goody's felony convictions for assault after beating his girlfriend on multiple occasions, deadly conduct after firing ten shots at a group of workers doing a home roofing job for an elderly couple, evading arrest with a motor vehicle, and burglary. *See* ROA.305–06, 309–10; *see also Texas v. Goody*, No. 168605201010 (Tex. 262d. Dist. Ct.—Harris Cnty. Jan. 18, 2024) (conviction for deadly conduct). Nor do we belabor the details of Goody's serial violations of previously imposed terms of community supervision by, *inter alia*, using methamphetamine and cocaine.

Instead, we focus on the facts of this appeal. On September 26, 2020, Goody was pulled over for running a red light and failing to use a turn signal while driving a car with an expired temporary license plate. Inside the car were clear plastic baggies containing cocaine and methamphetamine. When the officers approached the car window, they noticed Goody shaking nervously, clutching a soft-sided guitar case between his legs. The guitar case looked suspicious. The case was not stiff as if it were carrying a guitar. Instead, there was a thin bar sticking out that looked like the barrel of a rifle.

---

[1] For committing this crime, Goody was placed on probation for one year. But when he violated the terms of his probation, he was placed in the custody of the Chief Juvenile Probation Officer.

The officers asked Goody to step out of the vehicle, and they conducted a background check. As it turned out, Goody had two outstanding felony warrants. The officers told Goody he was under arrest. But he resisted.

While the officers struggled to detain Goody, his brother arrived at the scene. Tensions flared. Goody's brother began to argue with the officers, who ordered him to leave. In response, Goody's brother reached into the car, snatched the guitar case, and hurried over to a nearby house. The officers ordered him to drop the case. But he refused. Instead, he entered the house, and less than a minute later, emerged without the case.[2] As soon as Goody saw his brother was inside, he stopped resisting.

The officers went to speak with the homeowners, who informed them that neither the defendant nor his brother lived at the home. The homeowners granted consent to search, and the officers found the guitar case in a bedroom. Inside the case the officers found a Diamondback DB-15 rifle. The gun had a bullet in the chamber, and the magazine was loaded with 30 rounds. The gun had been manufactured in Florida.

On May 25, 2023, Goody pleaded guilty to violations of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On September 28, 2023, the district court sentenced Goody to 57 months of imprisonment. The district court also ordered two years of supervised release. As a special condition, the district court ordered Goody not to "affiliate with any organized gangs recognized by law enforcement agencies," nor to "participate in gang-related activities or associate with any gang members." ROA.208. Goody appealed.

---

[2] Officers arrested him, too. But what has happened to Goody's brother is not relevant for purposes of this appeal.

## II

Goody raises three arguments on appeal.[3] All fail.

*First*, Goody argues the felon-in-possession ban is facially unconstitutional under the Second Amendment. That fails: Our court has already found § 922(g)(1) facially constitutional. *See United States v. Diaz*, 116 F.4th 458, 471–72 (5th Cir. 2024).

*Second*, Goody argues the felon-in-possession ban violates the "equal protection principle" the Supreme Court has found to be "implicit in the Fifth Amendment's Due Process Clause." *Sessions v. Morales-Santana*, 582 U.S. 47, 52 & n.1 (2017); *see also United States v. Vaello Madero*, 596 U.S. 159, 166–67 (2022) (Thomas, J., concurring). Specifically, Goody argues that § 922(g)(1) "burdens a fundamental right"—namely, the "right to keep and bear arms." Blue Br. at 7.

That fails. No one denies the right to keep and bear arms recognized by the Second Amendment is fundamental. *See McDonald v. City of Chicago*, 561 U.S. 742, 778 (2010). But the Fifth Amendment does not encode a super–Second Amendment inside its guarantee of "due process." So Goody's effort to repackage his Second Amendment argument as a Due Process argument is unavailing. *See United States v. Portillo-Munoz*, 643 F.3d 437, 442 n.4 (5th Cir. 2011) ("Since the Second Amendment explicitly provides for a constitutional right to bear arms, [the defendant] cannot look to the due

---

[3] Goody also contends that § 922(g)(1) violates the Commerce Clause as applied to him. But he admits the Fifth Circuit "has rejected this Commerce Clause argument in the past." Blue Br. at 8; *see also United States v. Curry*, 125 F.4th 733, 736 (5th Cir. 2025). Goody merely seeks "to preserve" the argument "for further review by the Supreme Court." *Ibid.*

process clause as an additional source of protection for a right to keep and bear arms.").

*Third*, Goody argues we should correct on plain-error review the district court's imposition of a supervised-release condition forbidding Goody—who is a member of the 52 Hoover Crip gang—from affiliating with gang members. That fails. Plain-error review is "very limited," so reversal is "warranted only in exceptional circumstances." *United States v. Parra*, 111 F.4th 651, 657 (5th Cir. 2024). This is not one of them.

Even were we to assume the district court committed an error, it was not plain. For an error to have been plain, it must have been "so conspicuous that the trial judge" was "derelict in countenancing it." *United States v. Miller*, 406 F.3d 323, 330 (5th Cir. 2005) (quotation and brackets omitted). We hesitate to call our colleague on the lower court "derelict" for imposing a condition similar to those routinely imposed by courts and blessed by the Administrative Office of the United States Courts. *See* Admin. Off. of the U.S. Cts., Overview of Probation and Supervised Release Conditions 58 (2024), https://perma.cc/6XEZ-UDQZ. And in any event, we are aware of no case where this court or the Supreme Court has held that a restriction on gang association is unconstitutionally vague. Under our precedents, that alone is sufficient to reject Goody's claim. *See United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009) (explaining that a district court does not commit plain error in the absence of on-point "authoritative precedent").

Nor can Goody point to the sort of "robust consensus among the courts of appeals" needed to prove plain error in the absence of binding authority. *United States v. Vasquez*, 899 F.3d 363, 379 (5th Cir. 2018). On the contrary, several courts of appeals have held this sort of condition is not impermissibly vague. *See, e.g.*, *United States v. Marshall*, 808 F. App'x 11, 13

(2d Cir. 2020) (summary order); *United States v. Soltero*, 510 F.3d 858, 866–67 (9th Cir. 2007). And other courts of appeals have blessed it as a "prudent directive," *United States v. Simmons*, 633 F. App'x 779, 781 (11th Cir. 2015) (per curiam), and a "reasonable measure taken to deter recidivism and to protect the public," *United States v. Nichols*, 76 F.4th 1046, 1061 (8th Cir. 2023).

    AFFIRMED.